Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Henry D. Brunett, Appellee.

Argued June 7, 1974, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Francis J. Leahey, Jr.,* for appellee.

OPINION BY JUDGE KRAMER, August 16, 1974:

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety (Commonwealth) from a decision of the Court of Common Pleas of Cambria County, dated October 10, 1973, sustaining an appeal by Henry D. Brunett (Brunett) from an order of the Secretary of Transportation (Secretary) that suspended Brunett's[1] motor vehicle privileges for a period of one year.

The record in this case shows that Brunett was apprehended by the Pennsylvania State Police on September 12, 1970 for traveling 80 miles per hour in a 65 mile per hour zone. Brunett did not appear before

---

[1] We note that several documents in the record misspell Mr. Brunett's name as Burnett. Inasmuch as Brunett did not raise the issue, we assume there is no question concerning the identity of the person whose motor vehicle privileges were suspended.

a magistrate but pled guilty and paid his fine by mail. As a result, six points were assessed on Brunett's driving record, and he was directed to attend driver improvement school. Because Brunett either failed to attend or failed to satisfactorily complete the requirements of driver improvement school, five additional points were assigned to Brunett's driving record, pursuant to Section 619.1(f) of The Vehicle Code, Act of April 29, 1959, P. L. 58, *as amended*, 75 P.S. §619.1(f). Since Brunett's record then showed an accumulation of eleven points, a 60-day suspension was imposed, effective April 5, 1971, as mandated by Section 619.1 (i)(k) of The Vehicle Code, 75 P.S. §619.1(i)(k). Brunett mailed his license to the Bureau of Traffic Safety, where it was received on April 3, 1971. Brunett did not appeal from the 60-day suspension, and his motor vehicle privileges were not restored until June 3, 1971. During this 60-day suspension, on May 12, 1971, Brunett was apprehended driving his vehicle. Brunett was convicted on September 29, 1971 in the Court of Common Pleas of Somerset County, Criminal Division, on the charge of operating his motor vehicle after his license had been suspended. This offense was specified as a misdemeanor by Section 624 of The Vehicle Code, 75 P.S. §624, as it was then in force. Upon receipt of the certification of Brunett's conviction from the Clerk of Courts of Somerset County, the Secretary, on February 3, 1972, suspended Brunett's license for one year, effective March 9, 1972, under Section 618(a)(2) of The Vehicle Code, 75 P.S. §618(a)(2). Brunett took an appeal from the suspension to the Court of Common Pleas of Cambria County.

Before the lower court, Brunett argued that he had not been given a reasonable chance to attend driver improvement school, that he had not been given a

hearing before his first suspension, and that, therefore, his first suspension for failing to attend driver improvement school was an abuse of the Secretary's discretion. He further argued that because his suspension for failing to attend driver improvement school was not valid, that the suspension in this case for driving during his first suspension should be overturned. The lower court accepted Brunett's arguments and, relying upon *Lichon License*, 54 D. & C. 2d 513 (1972), which is almost identical to the instant case, sustained Brunett's appeal. On appeal to this Court, the Commonwealth argues that the lower court erred by allowing Brunett to challenge the validity of his unappealed first suspension.

Our scope of review in motor vehicle operator's license suspension cases is to examine the testimony to determine whether the findings of the court below are supported by competent evidence and to correct erroneous conclusions of law. The action of the lower court should not be disturbed absent a manifest abuse of discretion or error of law. *See Commonwealth v. Toole*, 9 Pa. Commonwealth Ct. 202, 304 A. 2d 177 (1973).

Having carefully read the record in this case, we agree with the Commonwealth's contention that the lower court erred (as did the court in *Lichon, supra*), when it allowed Brunett to challenge the validity of the underlying suspension involved in the case. If Brunett wished to contest the validity of his first suspension, effective April 5, 1971, then he should have appealed from that suspension. As noted above, Brunett mailed his license to the Bureau of Traffic Safety and failed to appeal.

This case is controlled by the decision of this Court in *Commonwealth v. McCartney*, 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971), where we stated: "Each

case must be decided on its own merits . . . and if appellee had some grounds on which to attack his first suspension, he should have taken an appeal from that suspension. He failed to appeal and served the full term of the first suspension, and its legality cannot now be questioned nor can its merits be raised in an appeal from the second suspension. Under these circumstances it was improper for the lower court to consider what might have been a mitigating circumstance of the first suspension in setting aside the second." 2 Pa. Commonwealth Ct. at 544, 279 A. 2d at 79.

In this type of case, the burden is on the Commonwealth to show by a preponderance of the evidence that there was a basis for the suspension. *See Commonwealth v. Critchfield*, 9 Pa. Commonwealth Ct. 349, 305 A. 2d 758 (1973). The record in this case shows that the Commonwealth has met its burden, and that Brunett has not contested the accuracy of the Commonwealth's evidence.

In summary, we have decided that the Commonwealth has met its burden, and that the lower court erred by allowing Brunett to collaterally attack his first suspension. We therefore conclude that the lower court committed an error of law when it sustained Brunett's appeal. In accordance with the above, we therefore

ORDER

AND Now, this 16th day of August, 1974, the order of the Court of Common Pleas of Cambria County, dated October 10, 1973, is reversed and the order of the Secretary of Transportation, dated February 3, 1972, suspending the motor vehicle privileges of Henry Daniel Brunett, is hereby reinstated.