Opinion by
Judge Blatt,
This is an appeal from an order of the Court of Common Pleas of Venango County which vacated the action taken by the Secretary of Transportation (Secretary) in suspending Theodore Grela’s driver’s license for 90 days.
On July 2, 1974 the Secretary sent notice to Grela that his driving record showed an accumulation of eleven points and that, therefore, a 90-day suspension would be imposed pursuant to subsections 619.1 (i) and (k) of The Vehicle Code, Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §619.1 (i) and (k). At that time Grela’s driving record, as kept by the Department of Transportation, indicated that-he had been convicted of the following violations:
*589 1) on March 30, 1970 — speeding at 65 miles per hour in a 55 mile per hour zone,
2) on December 16, 1971 — following another vehicle too closely,
3) on June 20, 1972 — speeding at 56 miles per hour in a 45 mile per hour zone, and
4) on October 16, 1973 — speeding at 57 miles per hour in a 45 mile per hour zone.
Grela’s record also indicated that, after the June 20,1972 speeding conviction, his driver’s license had been suspended for 60 days under subsections 619.1 (i)' and (k), 75 P.S. §619.1 (i) and (k) as a result of his having accumulated eleven points. Following that suspension, his driving privileges were restored on May 12, 1973 and his point total was simultaneously reduced to five. When, however, he was convicted of speeding on October 16, 1973, six more points were assigned to his record, thus again bringing his point total to eleven and necessitating a second suspension, this time for 90 days under subsections 619.1 (i) and (k), 75 P.S. §619.1 (i) and (k).
When Grela received notice of this second suspension, he appealed the Secretary’s action to the Court of Common Pleas of Venango County. That court reversed on the basis that the Commonwealth had failed to prove by competent evidence the speeding conviction of March 30, 1970 and that, therefore, the Secretary’s point computation was incorrect and would not support the 90-day suspension.
At the hearing before the lower court, the Commonwealth’s attorney unquestionably failed to prove that the Secretary properly assessed points for Grela’s alleged speeding conviction on March 30, 1970. And it is, of course, well established that the Secretary has no authority to assess points where the magistrate or court of record does not report a conviction in the proper form. Commonwealth v. Marchetti, 16 Pa. Commonwealth Ct. 443, 332 A.2d 894 (1975); Epps v. Commonwealth, 11 *590 Pa. Commonwealth Ct. 544, 314 A.2d 884 (1974). In the present case, however, the question arises as to whether or not the Commonwealth needs to prove here that all of the points leading to the prior suspension were properly assessed.
Section 619.1 (m) of The Vehicle Code, 75 P.S. §619.1 (m), provides: “Upon the restoration of driving privileges of any person whose operator’s license or learner’s permit has been suspended pursuant to this act, such person’s record shall show five (5) points and from the date of restoration such points shall be removed from his record at the rate of two (2) each year, as provided in subsection (j).” Accordingly, as of May 12, 1973, when Grela’s driving privileges were restored, his record which was admitted into evidence, showed five points. That five point assessment was sufficiently proved by his driving record which indicated a restoration of driving privileges on May 12, 1973 after suspension pursuant to The Vehicle Code. Six additional points were properly proved by the admission into evidence of a properly executed citation which indicated that Grela was convicted of speeding on October 16, 1973. See Rule 69 of the Pennsylvania Rules of Criminal Procedure. The Commonwealth proved, therefore, that eleven points were properly assessed, thus necessitating suspension. As a result, there was no need to prove that the points leading to the prior suspension had been properly assessed.
Grela had an opportunity to question the assessment of points leading to the earlier suspension at the time of that first suspension. Having failed to do so or having been unsuccessful in an attempt to do so, he cannot now be given a second chance to litigate those very same issues. One who serves the full term of a suspension cannot question its legality in an appeal from a subsequent suspension. Commonwealth v. McCartney, 2 Pa. Commonwealth Ct. 540, 279 A.2d 77 (1971); Common *591 wealth v. Klitsch, 213 Pa. Superior Ct. 53, 245 A.2d 688 (1968).
The order of the lower court is, therefore, reversed and the Secretary of Transportation’s suspension of Theodore Grela’s driving privileges for 90 days is hereby reinstated.