Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Eddie W. Morrison, Appellee.

Argued September 12, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Eddie W. Morrison,* appellee, for himself.

OPINION BY JUDGE CRUMLISH, JR., October 23, 1975:

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety (Bureau) from an opinion and order of the Court of Common Pleas of the 39th Judicial District of Pennsylvania, Franklin County Branch, vacating the action taken by the Bureau suspending Eddie W. Morrison's (Appellee) driver's license for sixty (60) days. We reverse.

On January 31, 1968, the Bureau notified Appellee that his driver's license was suspended for a mandatory thirty (30) days for violation of Section 1002(b)(9) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §1002(b)(9). At the time of Appellee's suspension his point total was eight (8); after restoration of his license his point total was reduced to five (5).

402

On August 1, 1969, the Bureau sent notice to Appellee that his driver's license was suspended for sixty (60) days pursuant to Section 619.1(i) and (k) of The Vehicle Code, 75 P.S. §619.1(i), (k).

Appellee's driver's record in the Bureau showed that he had accumulated eleven (11) points for the first time. Five (5) points from his previous suspension plus three (3) points for each of the following violations:

1) On October 12, 1968, failure to yield right of way.

2) On May 28, 1969, speeding 55 miles per hour in a 45 mile per hour zone.

When Appellee received this notice of suspension, he appealed the Bureau's action to the Court of Common Pleas of Franklin County.

At trial, certified records establishing the October 1968 and the May 1969 convictions were entered into evidence. Certified records of the convictions which led to the 1968 suspension were not produced; however, the Bureau entered the 1968 notice of suspension. Appellee testified that he did not appeal that thirty (30) day suspension.

On February 17, 1975, the court, by an opinion and order, sustained Appellee's appeal on the ground that the Bureau had not produced the records of these convictions. This Bureau appeal followed.

The sole question is whether Bureau must prove that all the points leading to a prior suspension were properly assessed when it seeks to use them in evidence to effect a subsequent suspension?

Section 619.1(m) of The Vehicle Code, 75 P.S. §619.1 (m), provides:

"Upon the restoration of driving privileges of any person whose operator's license or learner's permit has been suspended pursuant to this Act, such person's record shall show five (5) points and from the date of restoration such points shall be removed from his

record at the rate of two (2) each year, as provided in subsection (j)."

On February 26, 1968, when Appellee's driver's license was restored, his point record which was admitted into evidence, showed five (5) points outstanding. Appellee in failing to challenge by appeal the assessment which caused his original suspension cannot be heard to question its validity on appeal from a subsequent suspension. That record resulting in the earlier suspension stands firm and cannot be disturbed at a later date. *Bureau of Traffic Safety v. Grela*, 19 Pa. Commonwealth Ct. 585, 338 A. 2d 782 (1975); *Bureau of Traffic Safety v. Brunett*, 15 Pa. Commonwealth Ct. 100, 324 A. 2d 894 (1974); *Commonwealth v. McCartney*, 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971).

Bureau has met its burden, and has successfully established that Appellee collected eleven (11) points: Five (5) points from the time of the restoration of his license in February of 1968; and three (3) points each from the convictions in October 1968 and May 1969. Therefore, we must

ORDER

AND NOW, this 23rd day of October, 1975, the order of the Court of Common Pleas of the 39th Judicial District of Pennsylvania—Franklin County Branch, is reversed and the order of the Bureau of Traffic Safety withdrawing the motor vehicle privileges of Eddie W. Morrison is hereby reinstated.