Wheeling-Pittsburgh Steel Corporation, Appellant *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Appellee.

Argued October 29, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*John McN. Cramer,* with him *Kerry Aline Kearney,* and *Reed, Smith, Shaw & McClay,* for appellant.

*Ward T. Kelsey,* Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 7, 1976:

In this appeal by Wheeling-Pittsburgh Steel Corporation (Wheeling), the sole question presented is whether the Environmental Hearing Board (Board) properly quashed Wheeling's appeal from the issuance of a so-called certification letter by the Department of Environmental Resources (DER).[1] Wheeling concedes that the filing of its appeal with the Board was not timely. It asserts, however, that the Board erred in not granting leave to appeal nunc pro tunc, asserting that DER afforded it no notice of its right to appeal. We believe that the Board's action was not improper and will affirm.

Under Section 402 of the Federal Water Pollution Control Act, 33 U.S.C. §1342 (FWPCA), Wheeling was required to obtain a National Pollutant Discharge Elimination System (NPDES) permit from the Environmental Protection Agency (EPA) in order to discharge waste water from its works at Monessen into the Monongahela River. Section 401 of the FWPCA, 33 U.S.C. §1341, requires that an application for a NPDES permit must be accompanied by a certification from the state in which the discharge will occur, that the discharge will comply with certain requirements of the FWPCA, and also any additional state requirements found necessary or desirable. On October 21, 1974, DER issued its certification for Wheeling's NPDES permit to the EPA, which specified certain effluent limitations for the Wheeling facility.

On November 15, 1974, DER sent a copy of the certification to Wheeling, which received it on November 20, 1974. The certification was accompanied by a cover letter which stated that:

---

[1] This Court has jurisdiction pursuant to Section 403 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, as amended, 17 P.S. §211.403, of this appeal from an order of the Environmental Hearing Board.

Attached is the Commonwealth's response to a request from the Environmental Protection Agency for certification of your proposed NPDES permit.

If you have any questions, feel free to contact this office.

On or about December 3, 1974, Wheeling received its NPDES permit from the EPA. Pursuant to the applicable EPA regulations, Wheeling filed a timely appeal with the EPA, challenging, *inter alia*, certain of the effluent limitations submitted by DER and incorporated into the permit. On December 26, 1974, thirty-six days after receiving notification of DER's certification, appellant filed its appeal with the Environmental Hearing Board, seeking review of some of the conditions contained in the certification. The Board quashed the appeal because it was filed after expiration of the thirty-day period for appeal imposed by Section 21(a) of Chapter 21 of the Rules of Practice and Procedure of the Department of Environmental Resources, 25 Pa. Code §21.21(a). This appeal followed.

Appellant argues that the Board acted improperly in failing to grant its request for leave to appeal nunc pro tunc because the DER gave it inadequate notice that the certification was an appealable order. Section 21.21(e) of the Board's Rules states that requests for leave to appeal nunc pro tunc shall be decided in accordance with "the common law standards applicable in analogous cases in courts of common pleas in the Commonwealth."

The power to allow appeals nunc pro tunc is limited. "[A]ny such allowance must be based on extraordinary conditions and must involve fraud or some breakdown in the court's operation through a default of its officers, whereby the party has been injured." *In re Township of Franklin*, 2 Pa. Commonwealth Ct.

496, 500, 276 A.2d 549, 551 (1971). In *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938), and *Purdy's Estate,* 447 Pa. 439, 291 A.2d 93 (1972), our Supreme Court held that the failure of a court official to send any notice whatsoever to appellant's counsel, where such notice was customary, was such an "extraordinary condition" that a nunc pro tunc appeal was proper. Appellant's reliance upon the *Nixon* and *Purdy* decisions is misplaced. While the appellant did show that in one other instance the DER gave notice to a NPDES applicant of its right to appeal the certification to the Board, the record does not establish that the giving of such notice was customary.

Further, a crucial circumstance in both *Nixon* and *Purdy* was that failure to allow the appeal would have worked a grave injustice on the petitioner. At oral argument, Wheeling's counsel informed us that Wheeling's appeal from the permits and its requirements in the federal system is still pending. Although the general counsel of EPA has ruled that no review of the appropriateness of the conditions contained in the state certification is available in the federal system, this ruling can be, and we understand is being, challenged by Wheeling. Under these circumstances, we are not persuaded that Wheeling is laboring under such hardship that it should have the extraordinary relief it here seeks.

ORDER

AND Now, this 7th day of December, 1976, it is Ordered that the order of the Environmental Hearing Board, dated January 9, 1976, be and it is hereby affirmed.