In the Matter of Revocation of Restaurant Liquor License No. R-8030 etc. Shander Lounge, Inc., Appellant.

Argued April 10, 1980, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Gary A. Friedberg, Cohen, Pincus, Verlin, Hahn, Reich & Sherzer,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILLIAMS, JR., August 13, 1980:

This case arose when the Pennsylvania Liquor Control Board (Board) revoked the liquor license of the appellant, Shander Lounge, Inc. (Shander). Shander's threshold appeal from that action to the Court of Common Pleas of Philadelphia County, was quashed as being untimely, on motion by the Board. The instant appeal followed from that order of the court below.

On January 14, 1978 a fire damaged Shander's licensed premises, resulting in its being closed. On January 27, 1978 Shander filed with the Board formal notice of a change of the officers, directors and stockholders of the corporation, naming a new person as the sole officer, director and stockholder. The notice of change indicated that the new owner had no offices or ownership in the corporation prior to January 1978, having purchased the stock and become the sole corporate officer in that month. The form submitted to the Board declared the licensed premises as the address of the corporation, though the home addresses of the new owner and the manager were also included on the notice. The corporate changes were approved by the Board on March 16, 1978.

However, almost three weeks after Shander notified the Board of the changes, and just two days before they were approved, the Board on March 14, 1978 cited Shander for a violation of the liquor laws. The citation notice was sent on that date by certified mail, and was addressed to the fire-damaged and closed licensed premises. That notice scheduled a hearing for May 4, 1978, on charges that Shander had issued a worthless check to a state store for the purchase of liquor. The infraction alleged preceded the change of officers and ownership.

The citation notice was returned to the Board by the postal authorities, marked "unclaimed." On April 26, 1978 the Board sent a second notice, by first class mail. That notice also was addressed to the licensed premises. On May 4, 1978 the Board proceeded *ex parte* with its scheduled violation hearing. On June 19, 1978 the Board revoked Shander's liquor license and sent notice of that decision to the licensed premises. The revocation was to take effect on July 13, 1978.

The licensee appealed the Board's revocation order to the court below on August 23, 1978. At a hearing pursuant to that appeal, Shander contended that no notice of the citation was ever received, and that it had no notice of the revocation until about ten days after expiration of the appeal period. On November 13, 1978 the lower court quashed Shander's appeal and reinstated the revocation. The lower court determined that the licensee had not appealed within the twenty-day period prescribed by Section 464 of the Liquor Code,[1] and had not shown the existence of extenuating circumstances to justify an extension of the appeal period.

Clearly, Shander appealed the revocation of its license far beyond the running of the twenty days prescribed by Section 464. The issue before us is whether there appear unique circumstances that justify an extension of the twenty-day appeal period.

Where the legislature fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow an appeal *nunc pro tunc* in the absence of fraud, deception, coercion, or duress. *Dixon Estate,* 443 Pa. 303, 279 A.2d 39 (1971); *Philadelphia v. Rohm & Haas Co.,* 5 Pa. Commonwealth Ct. 287, 290 A.2d 428 (1972). Also, a court may hear an appeal beyond the prescribed period where an aggrieved party satisfactorily explains the delay and shows that the occasion is extraordinary and involves a breakdown in judicial or administrative operations causing injury to the party. *James F. Oakley, Inc. v. School District of Philadelphia,* 464 Pa. 330, 346 A.2d 765 (1975); *Wheeling-Pittsburgh Steel Corp. v. Department of*

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-464. The twenty-day appeal period mandated by that Section also applies to revocation proceedings, by force of Section 471 of the Code, 47 P.S. §4-471.

*Environmental Resources,* 27 Pa. Commonwealth Ct. 356, 366 A.2d 613 (1976).

The facts of this case do not raise any of those limited exceptions for which a court may expand a statutorily fixed appeal period. There is not the slightest hint that the Board engaged in any form of fraud, deception, coercion or duress to deprive the appellant of a hearing. Nor can it be asserted, validly, that the licensee's failure to receive notice was due to a breakdown in the administrative operations of the Board. Section 471 of the Liquor Code, 47 P.S. §4-471, expressly authorizes the Board to send the citation notice to the licensed premises. For the Board to follow statutory direction cannot be considered a breakdown of administrative operations, unless the agency was aware of facts that should have signaled the futility of using the prescribed procedures.

We recognize that the condition of the licensed premises may have reduced its utility as a mailing address; but there is nothing to indicate the Board was aware of that.[2] What is even more critical is that the licensee, knowing of the condition of its own building, took no steps to alert the post office or the Board to send its mail to another address. In that regard, it must be noted that Shander's notice of corporate changes was submitted to the Board almost two weeks after the fire; and that form gave no indication that mail from the Board could not be received at the licensed premises. We cannot require the Board to take additional steps for the protection of the licensee, when the licensee has taken no steps to protect itself.

For the reasons set forth, we affirm the order of the lower court.

---

[2] The appellant does not assert that it complied with the regulation in 40 Pa. Code §7.31(a). That Section requires a licensee to return its license to the Board, for safekeeping, when the licensed premises has been out of operation for 15 consecutive days.

## Order

AND Now, the 13th day of August, 1980, the order of the Court of Common Pleas of Philadelphia County at No. Misc. 78-08-2301, dated November 13, 1978, is affirmed.