Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Richard T. Berrier, Appellee.

Argued February 1, 1982, before President Judge CRUMLISH and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

Opinion by Judge Craig, March 15, 1982:

The Department of Transportation, Bureau of Traffic Safety, appeals from an order of the Court of Common Pleas of Mifflin County which reversed a motor vehicle license suspension order of the department and reinstated the operating privileges of appellee Richard T. Berrier. We must reverse.

After the appellee's point system record had accrued a net accumulation of six points, two of which were a result of appellee's failure to respond and pay fine and costs with respect to an October 7, 1977 citation, the department further assessed appellee five more points for his conviction as to a January 5, 1978 speeding violation under Section 3362 of The Vehicle Code.[1] Because appellee's point total thus reached the eleven-point threshold calling for a suspension under Section 1539 of the Code,[2] the department issued notice

---

[1] 75 Pa. C. S. §3362.
[2] 75 Pa. C. S. §1539.

of a suspension of his operating privileges for 110 days.

In his appeal to the trial court from that 110-day suspension, appellee claimed that his point total had not reached eleven, contending that he had never received the department's two notices stating that he would be assessed additional points if he failed to pay the fine and costs of the October 7, 1977 citation by April 21, 1978. The pivotal question, therefore, is whether the 110-day suspension is unsupported because of the invalidity of the points assessed in 1978 pursuant to 75 Pa. C. S. §1533.

We accept the factual finding of the trial court that the department failed to prove the actual mailing of the March 17, 1978 notice to appellee. There can be no doubt, however, that the second notice, sent by certified mail, was received at appellee's residence on May 15, 1978. Although that May notice arrived after April 21 and hence too late to permit appellee to avoid the assessment of points, it did give appellee notice of the department's action, as well as possible grounds upon which he could appeal such assessment.

The requirement that appeals from the department's orders be filed within thirty days from the date of the mailing of the notice is found in 42 Pa. C. S. §§933, 5571 and 5572. Although the department did not prove the date upon which it mailed the second notice, that is not determinative because appellee did not appeal therefrom within thirty days after the date his wife signed the receipt for the notice, nor had he filed an appeal at the time the trial court heard his appeal of the 110-day suspension.

As this court held in *Department of Transportation v. Morrison,* 21 Pa. Commonwealth Ct. 400, 403, 346 A.2d 920, 922 (1975), "[a]ppellee in failing to challenge by appeal the assessment which caused his original suspension cannot be heard to question its validity on

appeal from a subsequent suspension. That record resulting in the earlier suspension stands firm and cannot be disturbed at a later date.''

Hence, the eleven-point total, and the resulting suspension were valid.

ORDER

Now, March 15, 1982, the order of the Court of Common Pleas of Mifflin County dated November 29, 1979, at No. 271 of 1979, is reversed, and the suspension of appellee's operator's license is reinstated, to commence pursuant to notice to be issued by Appellant after this order becomes final.