## Pa. Department of Transportation v. Peake

312

*Marie Inyang,* assistant attorney general, for the Commonwealth.

*Ward F. Clark,* for petitioner.

BIEHN, *J.,* February 15, 1985 — Petitioner has appealed from the action of the Department of Transportation suspending his driver's license for 30 days under section 1538 of the Vehicle Code, 75 Pa. C.S. § 1538. A hearing was held before this court on January 4, 1985. Based on the record before us, we vacate the order of suspension.

Petitioner was cited for speeding on June 14, 1983 and paid a fine and costs on July 15, 1983. On September 15, 1983, the citation was processed and three points were assigned to petitioner's record. This caused petitoner's accumulated point total to rise to eight points. Thereafter, petitioner was notified to attend a departmental hearing pursuant to section 1538 which provides for such a hearing to determine whether a person's operating privilege should be suspended when that person's record shows for the third or subsequent time as many as six points. 75 Pa.C.S. § 1538(c). The hearing was held on March 19, 1984. Following this an official notice of suspension dated May 2, 1984, almost one year after the violation and conviction, was sent to petitioner.

We find that the suspension is not proper in that the notice of suspension was not issued within six months of the conviction as required by section 1551 which reads as follows:

"The department shall promptly notify each person whose license or permit is suspended as a result of the accumulation of points. The notification that

the license or permit is suspended shall be made within six months following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension. Failure of the department to give prompt notice of suspension as required by this section shall prohibit the department from suspending the license or permit of such person." 75 Pa. C.S. §1551.

The Supreme Court of Pennsylvania in holding that section 1551 is applicable to license suspensions under section 1538(c) stated that:

"Sections 1535 (c), 1537 and 1551 all reflect an intention to carefully limit the period in which an operator is to be exposed to sanctions as a result of a violation under the code. Both sections 1535(c) and 1551 provide for the date of conviction as being the operative event from which the six-month time period should run. Reading the sections together, the Department, if it is to assess points for the violation, must do so within six (6) months. If the assessment is to result in further action such as a suspension, then both the assessment and the notification of the suspension must be within that period. Had the legislature intended otherwise, it would have clearly expressed that direction by using the date of the assignment of points rather than the date of conviction in section 1551." (Footnote omitted). Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Lewis,      Pa.      , 484 A.2d 370, 373 (1984).

Applying the above to the present action, we find that the notice of suspension should have been issued within six months of the conviction date of July 15, 1983, in order for the suspension to have been proper. However, it was not issued until May 2, 1984, nearly 10 months after the date of conviction.

Accordingly, we enter the following

## ORDER

And now, this February 15, 1985, it is hereby ordered and directed that the above appeal is sustained and the order of license suspension issued by the Pennsylvania Department of Transportation is vacated.