506 A.2d 1013

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* John Clark Lecker, Appellee.

Argued November 12, 1985, before Judges ROGERS and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*David A. Whitney, Cartwright, Fernan & Whitney,* for appellee.

OPINION BY JUDGE BLATT, April 2, 1986:

The Department of Transportation, Bureau of Traffic Safety (Department) appeals from an order of the Court of Common Pleas of Elk County which vacated a suspension of the operating privileges of John Clark Lecker.

In March 1982 Lecker had three points assigned to his driving record based upon his January, 1982 conviction for a motor vehicle violation. These points brought the total to eleven points, and the Department notes that it was consequently obligated to suspend his license pursuant to the provisions of Section 1539 of the Motor Vehicle Code (Code), 75 Pa. C. S. §1539.[1] The trial court, however, noted that the Department's certified record revealed that two of the previous point assessments, totaling five points, were assigned beyond the six-month period within which Section 1535(c) of the Code, 75 Pa. C. S. §1535(c) requires them to be assigned. Because Section 1535(c) provides further that points assessed beyond the six month limit are void, the trial court determined that these points should not have been assessed to Lecker's record. It also observed that the certified record indicated that three points attribut-

---

[1] The suspension was purportedly Lecker's third, and the Department ordered the license suspended fifteen days for each point accumulated, for a total of 165 days, pursuant to Section 1539(b) of the Code, 75 Pa. C. S. §1539(b). The Department concedes in its brief, however, that the suspension here concerned would only be his second, and, pursuant to Section 1539(b), that it should be at the rate of ten days per point, for a total of one hundred ten days.

able to the January 1982 conviction had been assigned as of October 15, 1982, a date which had not yet been reached at the time the trial court had this matter before it. The court also concluded, therefore, that Lecker's record should not reflect these points either, and it directed the Department to correct the record accordingly, thereby negating the suspension.

The Department contends here that the trial court erred in considering the validity of the previously assigned five points. It argues that no appeal had been taken from the earlier suspension involving those points and, therefore, that their assignment may not be questioned in an appeal from a subsequent suspension, and we must agree. Our court has previously stated that a driver's record which resulted in an earlier suspension may not be disturbed at a later date and, moreover, that a motorist who failed to appeal an assignment of points leading to an earlier suspension may not challenge that point assessment on an appeal from a subsequent suspension. *Bureau of Traffic Safety v. Berrier,* 65 Pa. Commonwealth Ct. 302, 442 A.2d 403 (1982).

With respect to the removal of the points purportedly assigned as of a date not yet reached, our review of the record reveals that the points in question had been assigned by the Department as of March 22, 1982, the date the Department mailed the suspension notice, well before the matter came before the trial court. The suspension notice indicated, however, that the suspension would be effective beginning October 15, 1982, a date not yet reached at the time the trial court heard this matter. We believe, therefore, that the trial court misconstrued the record and, consequently, that it also erred in directing the Department to remove these points from Lecker's driving record.

We will, therefore, reverse the order of the trial court, but we will modify the suspension imposed by

the Department to reflect that the suspension period should, as the Department concedes, be one hundred ten days, and will reinstate the suspension as modified.

## ORDER

AND NOW, this 2nd day of April, 1986, the order of the Court of Common Pleas of Elk County in the above-captioned matter is reversed. The suspension imposed by the Department of Transportation shall be reinstated, but shall be modified to reflect a duration calculated at the rate of ten days per point for a total of one hundred ten days.