528 A.2d 667

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Robert S. Schoeppner, Appellee.

Submitted on briefs November 14, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Stephen F. J. Martin,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE PALLADINO, July 6, 1987:

The Department of Transportation, Bureau of Traffic Safety (DOT) appeals an order of the Court of Common Pleas of Allegheny County (trial court) which sustained the appeal of Robert S. Schoeppner (Schoeppner) from DOT's suspension of his operating privileges pursuant to Section 1539 of the Vehicle Code (Code), 75 Pa. C. S. §1539.

On July 19, 1983, Schoeppner was cited for violating Section 3323(b)[1] and Section 3112(a)[2] of the Code. Schoeppner was convicted of the violations. As a result of the first conviction, DOT assessed three points against Schoeppner on August 22, 1983. A second assessment of three points was made on August 29, 1983 for Schoeppner's second conviction. On September 9, 1983, DOT notified Schoeppner that he was required to pass a special exam or be subject to a suspension of his operating privileges pursuant to Section 1538(a) of the Code, 75 Pa. C. S. §1538(a). Schoeppner passed the exam and two points were removed from his driving record reducing his total points to four. On October 22, 1983, Schoeppner was cited for a violation of Section

---

[1] 75 Pa. C. S. §3323 (failure to obey stop sign).
[2] 75 Pa. C. S. §3112(a) (failure to stop at red light).

3362[3] of the Code and was convicted on November 7, 1983. After certification of his conviction to DOT, DOT assessed four points to Schoeppner's driving record. His point total was now eight, and therefore, Schoeppner was required to attend a departmental hearing. After the hearing, DOT suspended Schoeppner's operating privileges effective June 18, 1984, for fifteen days. Schoeppner did not appeal the suspension.

On December 27, 1983, Schoeppner violated Section 3322 of the Code[4] and after certification of his conviction, three points were added to his driving record. His point total then equaled eleven; DOT notified Schoeppner that his operating privileges were to be suspended for 110 days in accordance with Section 1539 of the Code, 75 Pa. C. S. §1539. Schoeppner appealed his suspension to the trial court which sustained the appeal.

The trial court, in sustaining the appeal, held that three of Schoeppner's points were *improperly* assessed for a violation occurring on July 19, 1983 because both violations on that date were the "result of the same act". The trial court based its conclusion on the fact that the citations were issued by the same officer, at the same stopping, and occurred two minutes apart. In addition, the trial court held that DOT's action was an unfair exercise of discretion because DOT assessed points for an additional violation after notice was sent to Schoeppner to attend the departmental hearing.

On appeal to this court, DOT asserts that (1) the assessment of points leading to a suspension which is not appealed cannot be attacked in the appeal of a subsequent suspension which resulted from an additional accumulation of points; (2) the trial court erred in

---

[3] 75 Pa. C. S. §3362 (exceeding the speed limit).
[4] 75 Pa. C. S. §3322 (illegal left turn).

holding that three points were improperly assessed and (3) DOT's actions did not constitute an abuse of discretion.

The law is clear that a driver cannot question the assessment of points which caused his original suspension in a subsequent proceeding when he had the opportunity, but failed to appeal the original suspension. *Department of Transportation v. Morrison,* 21 Pa. Commonwealth Ct. 400, 346 A.2d 920 (1975). In the case at bar, the trial court held that three of the points leading to Schoeppner's first, but unappealed, suspension were incorrectly assessed. In so holding, the trial court distinguished *Morrison* from the case at bar. The trial court concluded that Schoeppner did not attack the sufficiency of the evidence introduced to show his point accumulation, but rather he attacked the validity of the assessment. This distinction, however, has no merit. In *Commonwealth v. McCartney,* 2 Pa. Commonwealth Ct. 540, 279 A.2d 77 (1971), this court held that when one fails to appeal a first suspension and then serves the full term of that suspension, its legality cannot be questioned nor could its merits be raised in an appeal from the second suspension. Therefore, it was error for the trial court to attack the validity of three of the points which led to Schoeppner's first conviction.[5]

Accordingly, the order of the trial court is reversed.

## ORDER

AND NOW, July 6, 1987, the order of the Court of Common Pleas of Allegheny County in the above-captioned case is reversed.

---

[5] Our resolution of this issue renders it unnecessary to reach the other issues raised by DOT.