539 A.2d 943

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Jonathan R. Slott, Appellee.

Submitted on briefs December 17, 1987, to Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Christopher J. Clements*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Counsel, *John L. Heaton*, Chief Counsel, for appellant.

*Scott F. Breidenbach*, for appellee.

Opinion by Judge MacPhail, April 6, 1988:

The Department of Transportation, Bureau of Driver Licensing, (DOT), has appealed an order of the Court of Common Pleas of Montgomery County which sustained the nunc pro tunc appeal of Jonathan R. Slott, (Licensee), ordering DOT to remove all references of

two prior license suspensions from Licensee's driving record because such suspensions were null and void. We reverse.

On November 8, 1977, Licensee was convicted of exceeding the maximum speed limit and was suspended for fifteen (15) days pursuant to Section 1538(b) of the Vehicle Code (Code), *as amended,* 75 Pa. C. S. §1538(b). On November 26, 1982, Licensee was again convicted for violation of the Code, and was suspended for thirty (30) days pursuant to Section 1538(c) of the Code. On both occasions, (1977 and 1982), Licensee did not receive notice from DOT as to his suspensions within six months of the date of his convictions as is required pursuant to Section 1551 of the Code, 75 Pa. C. S. §1551.[1] The Licensee, however, upon receipt of both notices from DOT, never appealed the accumulation of points or the suspensions, but submitted his driver's license to DOT for the periods of the suspensions.

In 1985, Licensee again violated the Code, and now has an accumulation of eleven (11) points and is thus confronted with further suspension pursuant to Section 1539(b) of the Code, 75 Pa. C. S. §1539(b). Based on this subsequent violation, the Licensee appealed the two prior suspensions, nunc pro tunc, to the Court of Common Pleas of Montgomery County, stating that because DOT failed to provide the Licensee with notice of

---

[1] 75 Pa. C. S. §1551:

The department shall promptly notify each person whose license or permit is suspended as a result of the accumulation of points. The notification that the license or permit is suspended shall be made within six months following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension. *Failure of the department to give prompt notice of suspension as required by this section shall prohibit the department from suspending the license or permit of such person.* (Emphasis added.)

his prior suspensions within six months. pursuant to Section 1551 of the Code, those suspensions were null and void, and should be removed from his driving record.

The Court of Common Pleas of Montgomery County sustained Licensee's appeal and ordered DOT to strike all reference to the earlier suspensions from the Licensee's driving record. DOT has appealed this Order.

DOT argued on appeal based on *Department of Transportation, Bureau of Traffic Safety v. Morrison,* 21 Pa. Commonwealth Ct. 400, 346 A.2d 920 (1975), that because Licensee failed to appeal the assessment which caused the original suspensions, Licensee cannot now be heard to question their validity on appeal from a subsequent conviction.

While the facts of *Morrison* are not similar to those in the instant case, the ruling in *Morrison* is quite applicable. In *Morrison,* this court held that, "[a]ppellee in failing to challenge by appeal the assessment which caused his original suspension cannot be heard to question its validity on appeal from a subsequent suspension. That record resulting in the earlier suspension stands firm and cannot be disturbed at a later date." *Id.* at 403, 346 A.2d at 922.

Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b) states that appeals from a governmental agency must be commenced within thirty (30) days after the entry of the order from which the appeal is taken. In the instant case the Licensee never appealed either of the suspensions within the statutory thirty (30) days.

In *Department of Transportation, Bureau of Traffic Safety v. Lewis,* 506 Pa. 96, 484 A.2d 370 (1984), relied upon by Licensee and the trial court, the licensee was convicted for violation of the Code and was assessed three points. Shortly thereafter, a departmental hearing was held pursuant to Section 1538(c) of the Code. Six months after the hearing, DOT notified the licensee

that his operating privilege had been suspended for thirty (30) days. Licensee appealed the decision on the grounds that the suspension was invalid because it was not mailed within six months of the *date of conviction* as is required by Section 1551 of the Code.

This court held that the licensee's operating privilege could not be suspended where the licensee was not notified within six months of his conviction. *See also Pennsylvania Department of Transportation v. Peake*, 36 Pa. D. & C. 3d 311 (1985).

In *Lewis* and *Peake*, both appellees appealed within the statutory appeal period. In the instant case, the Licensee did not appeal either of his suspensions within thirty days as is required by statute; therefore, the holdings of *Lewis* and *Peake* cannot be applied to the facts of the instant case.

We must next determine whether the trial court abused its discretion in allowing the Licensee's request to appeal DOT's upholding of his suspensions nunc pro tunc.[2]

Both parties have agreed that appeals nunc pro tunc are allowed, "[W]here the party making the request has shown that the delay in filing the appeal was engendered by extraordinary circumstances involving fraud or a breakdown in the court's operation through a default of its officers which has resulted in injury to the appealing party." *Rick* at 516-517, 462 A.2d at 903.

Licensee contends that DOT's failure to provide him with notice within six months of his convictions constituted a breakdown in the court's operation. Licensee relies on *Shander Lounge, Inc. Liquor License Case*, 53

---

[2] Our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Rick*, 75 Pa. Commonwealth Ct. 514, 462 A.2d 902 (1983).

Pa. Commonwealth Ct. 468, 417 A.2d 1327 (1980), where this court stated:

> Where the legislature fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow an appeal nunc pro tunc in the absence of fraud, deception, coercion, or duress. . . . Also, a court may hear an appeal beyond the prescribed period where an aggrieved party satisfactorily explains the delay and shows that the occasion is extraordinary and involves a breakdown in judicial or administrative operations causing injury to the party. (Citations omitted.)

*Id.* at 471, 417 A.2d at 1328.

Late filing of appeals has been allowed in cases where inaccurate information was provided to a litigant by an official of an agency regarding the forum in which to file the appeal, or the time in which to do so. *See Roderick v. State Civil Service Commission,* 76 Pa. Commonwealth Ct. 329, 463 A.2d 1261 (1983); *Tarlo v. University of Pittsburgh,* 66 Pa. Commonwealth Ct. 149, 443 A.2d 879 (1982) (appellant was advised that she could file an appeal from an adverse determination by the Pittsburgh Human Relations Commission within thirty (30) days of her receipt of the letter when the applicable appeal period ran from the date of the entry of the Commissioner's order rather than the receipt of the letter). No such administrative breakdowns occurred here.

Similarly, late filing of appeals has been allowed due to unavoidable events which inhibited timely filing. *See Perry v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1983) (mechanical failure of law clerk's car resulted in delay in filing); *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) (sudden illness of lawyer's secretary in charge of filing appeals).

Licensee has failed to allege sufficient facts to support allowing an appeal nunc pro tunc. Licensee has not established that DOT engaged in any kind of fraud, deception, coercion, or duress, nor has Licensee established that failure by DOT to provide him with notice within the statutory six months was a breakdown in the administrative operations of DOT. Had Licensee filed a timely appeal, he likely would have prevailed, *Lewis,* but DOT's delay in sending its notices does not constitute fraud, deception, coercion or duress. The Licensee was not precluded by any action on the part of DOT from appealing the imposed suspensions. DOT's tardy notice does not explain or excuse Licensee's inaction in regard to his appeal rights.

Based on the foregoing discussion, we will reverse the order of the trial court and reinstate the suspensions imposed in 1978 and 1983 for the convictions occurring in 1977 and 1982.

## ORDER

The order of the Court of Common Pleas of Montgomery County is reversed and the Department of Transportation's orders of October 31, 1978 and July 21, 1983, suspending Appellee's operating privileges for convictions occurring on November 8, 1977 and November 26, 1982, are reinstated.