552 A.2d 1165

John Joseph McGraw, Appellant *v.* Common-
wealth of Pennsylvania, Department of Transporta-
tion, Bureau of Traffic Safety, Appellee.

Submitted on briefs November 16, 1988, to Judges
DOYLE and McGINLEY, and Senior Judge KALISH, sitting
as a panel of three.

*William R. Lee,* for appellant.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE MCGINLEY, January 25, 1989:

On October 5, 1987, the Department of Transportation (Department) sent notice to John Joseph McGraw (McGraw) that his motor vehicle operating privilege was being suspended for an additional year, effective November 9, 1987,[1] due to his conviction for driving while under suspension.

McGraw appealed from his notice of suspension on January 19, 1988, to the Court of Common Pleas of Lackawanna County (trial court).[2] After a hearing on March 24, 1988, the trial court dismissed McGraw's appeal as untimely under Section 1550 of the Code, 75 Pa. C. S. §1550. This appeal followed.

Our scope of review of a decision by a trial court in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether erroneous conclusions of law have been made or whether the decision of the trial

---

[1] Section 1543(c) of the Vehicle Code (Code), 75 Pa. C. S. §1543(c) provides in pertinent part:

(c) *Suspension or revocation of operating privilege.* Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

[2] McGraw alleges in his Petition for Appeal to the trial court that he received notice from the Department that he had accumulated six points on his driving record and was required to take a special examination within thirty days or have his license suspended indefinitely. McGraw alleges that he failed to take the examination and subsequently his license was suspended.

court demonstrates a manifest abuse of discretion. *Department of Transportation v. Viglione,* 113 Pa. Commonwealth Ct. 198, 537 A.2d 375 (1988).

On appeal, McGraw argues that the trial court erred in dismissing his appeal for lack of subject-matter jurisdiction.[3] The record reveals that the Department mailed the suspension notice to McGraw on October 5, 1987, suspending his license for one year effective November 9, 1987. McGraw had thirty days from October 5, 1987 to file a timely appeal. McGraw filed his appeal on January 19, 1988. Section 1550(a) of the Code provides: "Any person denied a drivers license or whose operating privilege has been recalled, canceled, suspended or revoked by the department shall have the right to appeal by or pursuant to title 42 (relating to judiciary and judicial procedure)." Appeals from department orders must be filed within thirty days from the date of mailing of the notice. 42 Pa. C. S. §§933, 5571, and 5572, *Bureau of Traffic Safety v. Berrier,* 65 Pa. Commonwealth Ct. 302, 442 A.2d 403 (1982). If an appeal is not filed within the statutorily mandated period of thirty days, the court has no jurisdiction to hear the appeal of the suspension, unless the delay in filing the appeal was caused by fraud, deception, coercion, duress or a breakdown in administrative procedure. *Department of Transportation, Bureau of Driver Licensing v. Slott,* 115 Pa. Commonwealth Ct. 241, 539 A.2d 943 (1988). McGraw has failed to allege

---

[3] McGraw raises for the first time before this court:

1) That he was denied due process of law. 2) That all suspension notices should be forwarded via certified mail with a return receipt requested. 3) That motor vehicle operators should be allowed to appeal their suspensions beyond the thirty day time period when certain situations have occurred. It is well settled that issues not raised before the trial court are waived on appeal and need not be addressed by the Court. *Ostrander v. D.O.T. Bureau of Driver Licensing,* 116 Pa. Commonwealth Ct. 243, 541 A.2d 441 (1988).

any exceptional circumstance that would justify his delay in filing. The trial court properly concluded that it lacked jurisdiction to hear McGraw's appeal.

Also, because McGraw failed to allege any grounds that would justify granting an appeal *nunc pro tunc,* the appeal is frivolous and the Department's request for counsel fees is granted.[4]

Accordingly, the order of the trial court is affirmed and we remand the matter to the trial court for the limited purpose of awarding reasonable counsel fees to the Department.

## ORDER

AND NOW, this 25th day of Janurary, 1989, the order of the Court of Common Pleas of Lackawanna County, dated May 19, 1988, is affirmed and this matter is remanded to the trial court for imposition of reasonable counsel fees pursuant to Pa. R.A.P. 2744 against John Joseph McGraw.

Jurisdiction relinquished.

---

[4]Pa. R.A.P. 2744.