607 A.2d 325

**Thomas BYE, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1992.

Decided April 10, 1992.

206

Earl M. Forte, III, for appellant.

Marc A. Werlinsky, Asst. Counsel, for appellee.

Before CRAIG, President Judge, DOYLE (P.)J., and LORD, Senior Judge.

LORD, Senior Judge.

This is a compact and uncomplicated case. Thomas Bye (Bye) appeals from an order of the Court of Common Pleas of Philadelphia County, which dismissed his appeal from a two-year "add-on" revocation imposed by the Department of Transportation, Bureau of Driver Licensing (department).

By official notice dated and mailed March 29, 1990, the department notified Bye that his operating privilege was scheduled to be revoked for two years, pursuant to Section 1542(e) of the Vehicle Code, 75 Pa.C.S. § 1542(e), due to his conviction for violating Section 1501(a) of the Vehicle Code, 75 Pa.C.S. § 1501(a) (driving while unlicensed).

This notice also provided that the effective date of the revocation was November 15, 1996 and contained the form notice:

> You have a right to appeal to the Court of Common Pleas of the county of your residence within thirty (30) days of the mail date of this notice. If you appeal, your license will be reinstated pending a final decision by the Court.

Bye appealed the two-year "add-on" revocation of his driving privilege. The court of common pleas dismissed Bye's appeal because, under the statute, he was not an "aggrieved" person until 1996. Bye appealed the court's decision, contending that the court erred in concluding the appeal was not ripe for adjudication.

We agree that such a ruling is erroneous and the department candidly admits in its brief that Bye's argument is correct. The department stated "[it] agrees with Bye that the trial court erred in holding Bye's appeal was not ripe for review. The controlling case here is *Klitsch Motor Vehicle Operations License Case*, 213 Pa.Superior Ct. 53, 245 A.2d 688 (1968)." [1]

In *Klitsch*, 213 Pa.Superior Ct. at 56, 245 A.2d at 690 (1968), the court stated:

---

1. Department of Transportation's Brief, p. 13.

We may also consider the consequences of the interpretation asked for by the Commonwealth in determining the intention of the legislature. Article IV, section 51, of the Statutory Construction Act, 46 P.S. § 551. If an appeal could not be taken until the suspension became effective, there would be substantial delay between the time of the secretary's determination and the court's determination in cases of multiple suspensions. For example, in the present case had the appellee desired to appeal from both suspensions imposed by the orders of April 21, 1967, he would have been required to appeal from the order becoming effective on July 11, 1967 within thirty days after that date and from the order becoming effective on July 11, 1968 within thirty days after that date. This could result in the death or unavoidable absence of witnesses and could tend to diminish their recollections of past events. Such results are undesirable. Further, an operator cannot get a supersedeas of the secretary's order until he is able to present his appeal and if such an appeal could not be presented until the suspension became effective he would be placed in the awkward position of not being able to get a supersedeas before he must surrender his operator's license. It is hard to imagine the legislature intending to create such unsatisfactory consequences.

■ The rule of law articulated in *Klitsch* has now been codified in the Vehicle Code, wherein the legislature has mandated such appeals must be taken within thirty days of the mailing date of the notice of revocation. Section 1550(a) of the Vehicle Code 75 Pa.C.S. § 1550(a), provides: "Any person denied a driver's license or whose operating privilege has been recalled, canceled, suspended or revoked by the department shall have the right to appeal by or pursuant to title 42 (relating to judiciary and judicial procedure)." Appeals from department orders must be filed within thirty days from the date of mailing of the notice. 42 Pa.C.S. §§ 5571 and 5572; *McGraw v. Department of Transportation, Bureau of Traffic Safety* 123 Pa.Commonwealth Ct.

120, 552 A.2d 1165 (1989). If an appeal is not filed within the statutorily mandated period of thirty days, the court has no jurisdiction to hear the appeal of the suspension, unless the delay in filing the appeal was caused by fraud, deception, coercion, duress or breakdown in administrative procedure. *Department of Transportation, Bureau of Driver Licensing v. Slott,* 115 Pa.Commonwealth Ct. 241, 539 A.2d 943 (1988).

The department, however, argues that Bye cannot appeal the common pleas court order because Bye's counsel stated, "[if] the appeal were dismissed without prejudice I don't think I would have a problem with that." It asserts that Bye waived his rights because, when the court stated it would not rule since the case was not "ripe" for appeal, Bye's counsel stated, "I would be happy with that result today." (Notes of Testimony, June 18, 1991, p. 17).

The department commendably has supplied this Court with numerous cases of waiver. However, none of these cases are applicable because they involve the failure to object to a ruling or a procedural irregularity, or an admission of culpability. None involve an interjection by counsel into the court's misstatement of the law.

The case before us now is, thankfully, a rare one. Here, the court, Bye's counsel and the department's counsel agreed to an order which was obviously an erroneous dismissal of an appeal. The effect of such an order, if left standing, would deprive Bye of his statutory right to appeal because he would be barred by statute from appealing in 1996.

Accordingly, the trial court's order is vacated and the matter is remanded to the common pleas court for a determination of the merits of Bye's appeal.

### ORDER

AND NOW, this 10th day of April 1992, the order of the Philadelphia Court of Common Pleas, dated June 18, 1991,

at NO. 9004–5624, is hereby vacated and the case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.