**Robert J. KULICK, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 19, 1995.
Decided Oct. 27, 1995.

Claimant did not raise this issue before the Board. Therefore, it cannot be considered at this time.

Elliot B. Edley, for appellant.

Timothy P. Wile, Assistant Counsel In-Charge Appellant Section, for appellee.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Robert J. Kulick appeals from an order of the Court of Common Pleas of Luzerne County (trial court), dated December 6, 1994. The trial court denied Kulick leave to file an appeal *nunc pro tunc* from the suspension of his driver's license.[1] We affirm.

On April 13, 1994, the Commonwealth of Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT) mailed a notice of suspension (or notice) to Kulick at his address of record. The notice explained that Kulick's driving privileges would be suspended for one year, as a result of his refusal to submit to chemical testing, as required by section 1547(b)(1) of the Vehicle Code.[2] The notice further provided:

> You have the right to appeal to the Court of Common Peas of the county of your residence within 30 days of the mail date (APRIL 13, 1994) of this notice. Sending a copy to [DOT] of a timely, filed appeal will stay [DOT's] action pending a final decision by the court.

Reproduced Record (R.) at 8a.

Kulick did not file an appeal within the prescribed thirty-day period. However, on June 2, 1994, Kulick filed an appeal in the nature of a petition *nunc pro tunc* with the trial court.[3]

Kulick alleged that he was entitled to an appeal *nunc pro tunc* because he did not receive the notice of suspension mailed by DOT. Kulick avers that he was unaware of the notice of suspension until he was contacted by his insurance company and that he did not obtain a copy of the notice until May 27, 1994. R. at 5a–6a. Accordingly, Kulick requested that the trial court grant his appeal *nunc pro tunc*, so that he could receive a hearing *de novo* regarding the suspension of his license.

The trial court conducted a hearing *de novo* on Kulick's petition for appeal *nunc pro tunc*. Upon concluding that Kulick had failed to establish grounds for an appeal *nunc pro tunc*, the trial court denied Kulick's petition and dismissed the appeal for lack of jurisdiction.

Kulick subsequently appealed the trial court's order to this court. He presents the following issue for our review: whether the trial court erred in denying the appeal *nunc pro tunc* and in finding that Kulick failed to satisfy his burden of proving that he did not receive the notice of suspension.

Initially, we note that our scope of review is limited to a determination as to whether the trial court has committed an abuse of discretion or error of law. *Department of Transportation, Bureau of Traffic Safety v. Rick*, 75 Pa.Cmwlth. 514, 462 A.2d 902 (1983).

Section 1550 of the Vehicle Code governs judicial review. Section 1550(a), expressly provides:

> (a) **General rule.**—Any person denied a driver's license or whose operating privi-

1. The granting of a petition *nunc pro tunc* extends the period for filing an appeal, where such an extension is warranted by extraordinary circumstances involving fraud or its equivalent. *See Department of Transportation, Bureau of Driver Licensing v. Gelormino*, 160 Pa.Cmwlth. 12, 636 A.2d 224 (1993); *Department of Transportation, Bureau of Driver Licensing v. Grasse*, 146 Pa.Cmwlth. 17, 606 A.2d 544 (1991).

2. Section 1547(b)(1) provides:
 If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled sub-

stance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.
75 Pa.C.S. § 1547(b)(1).

3. Kulick filed one petition in which he alleged: (1) that his license was improperly suspended and (2) that there were grounds for an appeal *nunc pro tunc*. *See* R. at 6a.

lege has been recalled, canceled, suspended, revoked or disqualified by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

75 Pa.C.S. § 1550(a). An appeal from an order of a government unit must be filed within thirty days from the mailing of the notice. 42 Pa.C.S. §§ 5571(b), 5572; *Bye v. Department of Transportation, Bureau of Driver Licensing,* 147 Pa.Cmwlth. 205, 607 A.2d 325 (1992).

██ If a licensee fails to appeal from a license suspension within the statutorily mandated thirty-day appeal period, the trial court is without jurisdiction to hear the appeal unless there are grounds for granting an appeal *nunc pro tunc. Bye.* A court may permit a licensee to appeal *nunc pro tunc* only where the licensee's failure to file a timely appeal resulted from extraordinary circumstances involving fraud or a breakdown in the administrative or judicial process. *Grasse.* The licensee has the burden of proving that such circumstances exist. *Rick.*

Kulick argues that the trial court erred in concluding that he failed to prove that he did not receive the notice mailed by DOT. We disagree.

██ Pursuant to section 1540(b) of the Vehicle Code, DOT is required to send notice of a license suspension to the licensee's address of record. 75 Pa.C.S. § 1540(b); *Gelormino.* Proof of mailing raises a rebuttable presumption that the notice of suspension was received. *Grasse.* Testimony denying receipt of the notice is insufficient evidence to rebut the presumption of receipt. *Id.*

In the present case, the trial court found that DOT had mailed the notice of suspension to Kulick's address of record. Accordingly, the burden of proof shifted to Kulick, who was required to rebut the presumption of receipt.

As stated previously, Kulick maintains that he did not receive the notice of suspension mailed to his address of record. At the hearing, Kulick testified that he is involved in a property dispute with neighbors and that

these neighbors repeatedly placed boulders in front of the driveway leading to his mailbox. R. at 15a–16a. Kulick further testified that when the mail carrier was unable to deliver mail to Kulick's mailbox, as a result of the blocked driveway, the post office forwarded mail to his wife's business address. R. at 18a.

When asked, on cross-examination, why he did not formally change his address, Kulick responded that he did not intend to change his residence. R. at 19a. Kulick admitted that he did not take any steps to provide DOT with the forwarding address. *Id.* Kulick testified that upon learning that all mail could not be forwarded, he installed another mailbox in a different location on his property. R. at 16a. In his brief, Kulick explains that the second mailbox was not installed until after DOT had issued the notice of suspension.

Apart from his own testimony, Kulick did not present any evidence that a third party had interfered with the receipt of his mail. Kulick explained that he was having problems with the delivery of his mail. However, Kulick failed to present any hard evidence in support of the allegation that he did not receive the notice of suspension.

██ Pursuant to *Grasse,* the trial court properly concluded that by merely denying receipt of the notice of suspension, Kulick had failed to satisfy his burden of proving non-receipt.

Kulick asserts that the trial court erred in relying on testimony that Kulick did not attempt to notify DOT of the forwarding address. Kulick's argument is premised on the belief that an obligation to inform DOT of a change of address would arise only if he had moved. We disagree.

██ Kulick stresses that his case is distinguishable from a case in which an untimely appeal resulted from a licensee's failure to notify DOT of a formal change in address. *See, e.g., Gelormino.* This, however, is a distinction without a difference. The trial court's point was that Kulick was responsible for resolving the problem with the delivery of his mail. Although Kulick was aware of this

problem for months before the notice of suspension was issued, Kulick did not take precautions to ensure that he received the notice. Kulick could have provided DOT with the forwarding address. Contrary to Kulick's assertion, he is not free from fault for the untimeliness of his appeal.

█ Finally, we agree with the trial court's assertion that even if evidence had established that Kulick's mail had been intercepted or was not delivered, such circumstances would not provide a basis for granting an appeal *nunc pro tunc*. As *Grasse* suggests, the involvement of an administrative or judicial officer is necessary to establish that an untimely appeal resulted from a breakdown in the administrative or judicial process. *Id.* at 546.

Accordingly, we affirm.

### ORDER

NOW, this 27th day of October, 1995, the order of the Court of Common Pleas of Luzerne County, dated December 6, 1994, at No. 2954–C of 1994, is affirmed.