## PennDOT v. Kent

C.P. of Pike County, no. 1116 - 1995 - Criminal.

*John V. Rovinsky,* for the Commonwealth.
*Michael P. Gough,* for Defendant.

THOMSON, *P.J.,* January 4, 1996—This case arises out of an appeal by the defendant, Fred A. Kent, appellant, to this court's decision of December 7, 1995, which denied the appellant's petition for leave to appeal nunc pro tunc.

On September 11, 1994, appellant was arrested and charged with driving under the influence pursuant to 75 Pa.C.S. §3731(a)(1). The driving under the influence charge was later withdrawn by the Commonwealth and the defendant entered a plea of guilty to public drunkenness.

On September 26, 1994, PennDOT mailed a notice of suspension to Kent. The suspension was based upon appellant's refusal to submit to chemical testing as re-

quired by 75 Pa.C.S. §1547(b)(1). Kent admitted he received the notice. The notice indicated that the operating privileges of the appellant were suspended for a period of one year effective October 31, 1994. The public defender advised appellant to pursue an appeal of the license suspension.

Appellant did not file an appeal within the prescribed 30 day period. See 42 Pa.C.S. §§5571(b), 5572; *Bye v. PennDOT,* 147 Pa. Commw. 205, 607 A.2d 325 (1992). At the hearing on the petition at issue, appellant testified that he was unable to afford an attorney to pursue the appeal. Kent also testified that he appeared at the prothonotary's office on the last day within the 30 day appeal period. However, he did not have any papers prepared to be filed in support of the appeal but only sought information on how to file an appeal.

Kent claims that he was told by the prothonotary's office that he could not appeal without an attorney. We found that claim incredible. Additionally, on cross-examination, Kent became confused as to the date he appeared at the prothonotary's office and at one point stated that it was November 11, 1995. The appeal period ended October 26, 1991.

Kent also testified that he wrote to PennDOT on December 13, 1995 about the matter. However, appellant did not formally file an appeal until September of 1995 which was after he had been arrested for driving with a suspended license. On September 12, 1995, Kent filed a petition for leave to appeal nunc pro tunc.

"A court may permit a licensee to appeal nunc pro tunc only where the licensee's failure to file a timely appeal resulted from extraordinary circumstances involving fraud or a breakdown in the administrative or judicial process." *Kulick v. PennDOT,* 666 A.2d 1148, 1150 (Pa. Commw. 1995) citing *PennDOT v. Grasse,*

146 Pa. Commw. 17, 606 A.2d 544 (1991). "The licensee has the burden of proving such circumstances exist." *Kulick, supra,* 666 A.2d at 1150 citing *PennDOT v. Rick,* 75 Pa. Commw. 514, 462 A.2d 902 (1983).

We stand by our decision that appellant had not sustained his burden of proving fraud or a breakdown in the administrative or judicial process.