**COMMONWEALTH of Pennsylvania**

v.

**Barry L. COMLY, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on briefs April 20, 2001.

Decided July 5, 2001.

Lee G. Nollau, State College, for appellant.

Lance T. Marshall, Bellefonte, for appellee.

Before COLINS, Judge, KELLEY, Judge, and LEDERER, Senior Judge.

COLINS, Judge.

Barry L. Comly appeals from an order of the Court of Common Pleas of Centre County (trial court) which held that Comly was not eligible for relief under the Post Conviction Relief Act (PCRA).[1] We affirm.

On November 18, 1998, Comly shot a deer while there was no deer season in effect. On February 2, 1999, following a summary trial, Comly was convicted of violating Section 2307(a) of the Game and Wildlife Code, entitled Unlawful Taking or Possession of Game or Wildlife, 34 Pa.C.S. § 2307(a).[2] Subsequently, Comly filed a notice of appeal to the trial court. The trial court found Comly guilty and sentenced him to pay a fine of $500.00. Also, Comly's privilege to hunt was suspended for three years.

On March 29, 2000, Comly filed a petition for post-conviction collateral relief alleging ineffective assistance of trial counsel. Without addressing the merits of Comly's PCRA petition, the trial court denied Comly's petition. The trial court found that Comly was not eligible for post-conviction relief because he was sentenced to pay a fine. Moreover, he is not "currently serving a sentence of imprisonment, probation or parole for a crime," as delineated in 42 Pa.C.S. § 9543(a)(1)(i). This appeal followed.[3]

Comly now raises two issues for our review. First, whether the trial court erred in denying his PCRA petition finding that the suspension of hunting privilege is

1. 42 Pa.C.S. §§ 9541–9546.

2. 34 Pa.C.S. § 2307(a) states:

(a) **General rule.**—It is unlawful for any person to aid, abet, attempt or conspire to hunt for or take or possess, use, transport or conceal any game or wildlife unlawfully taken or not properly marked or any part thereof, or to hunt for, trap, take, kill, transport, conceal, possess or use any game or wildlife contrary to the provisions of this title.

3. Our scope of review is limited to determining whether there has been an error of law or whether the findings of the trial court are unsupported by competent evidence. *DeMarteleire v. Pennsylvania Game Commission,* 68 Pa.Cmwlth. 613, 449 A.2d 882 (1982).

not considered equivalent to a criminal penalty; and second, Comly asserts that his conviction was a consequence of ineffective assistance of his counsel. At issue is the PCRA, 42 Pa.C.S. § 9541–9546. The relevant section provides:

(a) **General rule**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1).

As written above, the PCRA provides relief for those who are "currently serving a sentence of imprisonment, probation or parole." 42 Pa.C.S. § 9543(a)(1)(i). Comly asserts that that he should be entitled to PCRA relief because the revocation of hunting privileges [4] is an ongoing criminal penalty similar to probation.[5] This appeal requires us to determine whether "currently serving a sentence of imprisonment, probation or parole for the crime" within Section 9543(a)(1)(i) encompasses a suspension of the privilege to hunt.

While the Commonwealth admits that the loss of hunting privileges applies as a civil consequence to Comly's conviction under 34 Pa.C.S. § 2307(a), the Commonwealth avers that the loss of this privilege is not equivalent to a sentence of probation. Thus, Comly does not meet the threshold of the above language. We agree. Here, Comly was sentenced to pay a fine of $500.00. While Comly's privilege to hunt was suspended for three years, he is not currently serving a sentence of imprisonment, probation, or parole.

We begin with an examination of the specific language of the Act to determine whether it applies to a suspension of the privilege to hunt. Pursuant to Section 1921(b) of the Statutory Construction Act of 1972, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Only when the language of the statute is ambiguous does statutory construction become necessary. 1 Pa.C.S. § 1921(c); *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148 (1997). "In Pennsylvania, it is well settled that a court must construe the words of a statute according to their plain meaning. 1 Pa.C.S. § 1903(a). When the words of a statute are unambiguous, they are not to be disregarded under the pretext of pursuing the spirit of the statute. 1 Pa.C.S. § 1921(a)." *Heard v. Heard*, 418 Pa.Super. 250, 614 A.2d 255, 258 (1992) (case citations omitted).

The language of the PCRA expressly applies to those who are sentenced to imprisonment, probation, or parole. To grant relief at a time when Appellant is not currently serving such a sentence would be to ignore the language of the statute. This language plainly admits of

---

**4.** Our Supreme Court has held that hunting was not a property or liberty interest requiring due process protection under either the United States or Pennsylvania Constitutions. *Pennsylvania Game Commission v. Marich,* 542 Pa. 226, 666 A.2d 253 (1995).

**5.** According to 42 Pa.C.S. § 9754(a) and (b), an order of probation supervises a defendant to assist the defendant in leading a law-abiding life.

the interpretation that the trial court has employed, *i.e.,* that Section 9543(a)(1)(i) does not include a suspension of a hunting license.

In *Commonwealth v. Ahlborn,* 548 Pa. 544, 699 A.2d 718 (1997), the appellant filed a PCRA petition while serving a sentence of imprisonment for three counts of driving under the influence and one count of accident resulting in death or injury. Prior to a final adjudication of the petition, the appellant was released from custody. The appellant argued that despite his release from custody, he would continue to suffer consequences, namely his driver's license suspension. The Supreme Court disagreed and held that the appellant was ineligible for relief because he was not currently serving a sentence of imprisonment, probation, or parole as required by the language of the PCRA.

Similarly, Comly was sentenced to pay a fine, and later his hunting privilege was suspended. Because a suspension of hunting privileges does not fall within the plain and unambiguous requirements delineated in the PCRA, Comly is not entitled to PCRA relief. As such, we are unable to address his claims of ineffective assistance of counsel.

Accordingly, the order of the trial court is affirmed.

Judge KELLEY dissents.

### ORDER

AND NOW, this 5th day of July 2001, the order of the Court of Common Pleas of Centre County in the above-captioned matter is affirmed.