# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Fetherman, :
                Appellant :
                 :   No. 1943 C.D. 2016
        v. :   Submitted: April 21, 2017
                 :
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

**OPINION**
**BY JUDGE SIMPSON**              **FILED: August 3, 2017**

Daniel Fetherman (Licensee) appeals from an order of the Court of Common Pleas of Monroe County[1] (trial court) that denied his license suspension appeal as untimely from the Department of Transportation's (DOT) 18-month suspension of Licensee's operating privilege under 75 Pa. C.S. §1547(b)(1)(ii) and the one-year suspension of Licensee's operating privilege imposed under 75 Pa. C.S. §1543. Licensee contends the trial court erred by failing to allow an appeal *nunc pro tunc* (late appeal by permission) in light of the U.S. Supreme Court's decision in Birchfield v. North Dakota, ___ U.S. ___, 136 S. Ct. 2160 (2016), which held that a state cannot criminally penalize a motorist for refusing to submit to a warrantless request for a blood test after being arrested for suspicion of driving under the influence of alcohol or controlled substance (DUI), a violation in Pennsylvania of 75 Pa. C.S. §3802. Upon review, we affirm.

---

[1] The Honorable David J. Williamson presided.

## I. Background

On March 18, 2015, Pennsylvania State Police Trooper T. Miller arrested Licensee for DUI after making a motor vehicle stop. After arresting Licensee, Trooper Miller requested that Licensee submit to a chemical test of blood. Licensee asserts in his brief that he asked Trooper Miller to produce a warrant prior to the blood draw. Pet'r's Br. at 15. Based on Licensee's request, Trooper Miller determined Licensee's actions amounted to a refusal. Id. Therefore, Trooper Miller recorded Licensee's conduct on a DL-26 form as a refusal. See Reproduced Record (R.R.) at 6a.

On June 2, 2015, DOT mailed Licensee an official notice of suspension of his driving privilege as authorized by 75 Pa. C.S. §1547(b)(1)(ii) for a period of 18 months as a result of his refusal to submit to chemical testing (First Suspension Notice). R.R. at 7a. DOT's notice informed Licensee that his suspension would become effective July 7, 2015. Id. In addition, the notice specified that Licensee had 30 days to file an appeal of the suspension to the appropriate court of common pleas. R.R. at 9a.

As to the criminal DUI offense, Licensee's driving record indicates that on August 21, 2015, he was convicted of DUI-general impairment, a violation of 75 Pa. C.S. §3802(a)(1). Resp't's Ex. 2; Supplemental Reproduced Record (S.R.R.) at 24b. The record also shows that DOT took no action against him. Id.

On April 21, 2016, DOT mailed Licensee an official notice of suspension of his driving privilege as authorized by 75 Pa. C.S. §1543 for a period

2

of one year as a result of his conviction for a violation of 75 Pa. C.S. §1543(b) (driving under an alcohol-related suspension), which occurred on February 10, 2016 (Second Suspension Notice). S.R.R. at 13b. DOT's notice advised Licensee that this suspension would become effective March 11, 2017. This notice also specified that Licensee had 30 days to file an appeal of the suspension to the court of common pleas. S.R.R. at 14b.

On August 2, 2016, Licensee, representing himself, filed a single appeal of both suspensions in the trial court. In support, Licensee cited the June 2016 decision in Birchfield, where the U.S. Supreme Court held that a state cannot criminally penalize an individual arrested for DUI for refusing a warrantless request for a blood test. See R.R. at 10a-18a. Essentially, Licensee argued the 2016 Birchfield decision provided "fresh evidence" for his appeal. R.R. at 12a. In response, the trial court scheduled an October 2016 hearing on the issues of whether Licensee should be able to pursue his appeal *nunc pro tunc* and whether DOT's suspensions of Licensee's driving privileges should be set aside. R.R. at 19a.

At the hearing, DOT submitted into evidence, without objection, Licensee's certified driving record and notices of suspension for both suspensions. See Resp't's Ex. 1; S.R.R. at 1b-11b; Resp't's Ex. 2; S.R.R. at 12b-26b. DOT requested that Licensee's appeal be dismissed as untimely as to both suspensions. To that end, DOT argued that more than a year passed since the First Suspension Notice, and that the appeal from the Second Suspension Notice was approximately

3

70 days late. See Tr. Ct. Hr'g, Notes of Testimony (N.T.), 10/20/16, at 5; R.R. at 25a.

Thereafter, Licensee stated that his entire appeal was based on Birchfield, which the Supreme Court did not hand down until June 23, 2016. Thus, although Licensee's refusal occurred in May 2015, and DOT mailed the First Suspension Notice in June 2015, Licensee argued that Birchfield did not become available to him until June 2016. See N.T. at 6-7; R.R. at 26a-27a.

As to the Second Suspension Notice, Licensee argued that if DOT had not suspended his license unconstitutionally through the First Suspension Notice, he would never have been suspended and thus he could not have been convicted for driving with a suspended license. N.T. at 7; R.R. at 27a. Summarizing Licensee's position, the trial court asked: "And you believe the Birchfield case applies to the refusal case, and therefore, you never would have the suspension for the 1543(b)." Id. Licensee replied: "A hundred percent, Your Honor." Id.

Five days after the hearing, the trial court entered an order denying Licensee's appeal of both suspensions. In an accompanying opinion, the trial court noted that Licensee's August 2, 2016 appeal was untimely as to both suspensions.

If an appeal is not filed within 30 days as statutorily mandated, the court has no jurisdiction to hear the appeal of the suspension unless the delay in filing the appeal was caused by fraud or a breakdown in the administrative process. Bye v. Dep't of Transp., Bureau of Driver Licensing, 607 A.2d 325 (Pa. Cmwlth.

4

1992). Here, the trial court rejected Licensee's argument that the U.S. Supreme Court's 2016 decision in <u>Birchfield</u> constituted a breakdown in the administrative process. The trial court explained its decision as follows:

> Licensee's reason for the late appeal was that the <u>Birchfield</u> case had not yet been decided. In addressing Licensee's appeal, we note that he fails to meet the standards of a *nunc pro tunc* appeal. Although <u>Birchfield</u> was decided after his two (2) notices of suspension were issued, his appeals remain untimely. <u>Birchfield</u> was decided June 23, 2016. Licensee filed his appeal August 2, 2016, which was more than thirty (30) days after the <u>Birchfield</u> decision. Even if <u>Birchfield</u> caused a 'breakdown in administrative proceedings' in some manner, Licensee failed to promptly bring his appeal after learning of this situation. The Licensee did not provide an excuse for this delay. As a result, the appeal must be dismissed.
>
> We also find that Licensee's appeal, filed well beyond the time limit for an appeal in this case, does not meet the requirements for a *nunc pro tunc* appeal. <u>There was no evidence of fraud, deception, coercion, duress or breakdown of the administrative process</u>. The fact that new case law comes down from the U.S. Supreme Court, or any other appellate court, <u>after</u> the appeal period for a notice of suspension has passed, <u>does not amount to a breakdown in the administrative process</u>. Also, it certainly is not fraud, deception, coercion or duress. In arguing for an administrative breakdown, Licensee argues that <u>Birchfield</u> invalidates the statute which triggered his 1547 license suspension for a chemical test refusal. Licensee argues that absent the <u>Birchfield</u> decision, he did not have the ability to appeal his license suspension. <u>This is not a breakdown in the process whereby he did not know he had a limited time to appeal</u>, or relied on some type of process in which his appeal was not filed properly. Rather, he admits he had no right of appeal in the time frame prescribed by law, but should have that right now. There is no authority for that right

5

under a *nunc pro tunc* application for relief in Pennsylvania.

Licensee also claims Birchfield retroactively applies to his 1547 refusal matter and therefore, such notice of suspension should now be dismissed. There is also no authority for that proposition by the Licensee. Likewise, Licensee argues his 1543(b) conviction in February 2016 is invalidated, since the conviction was due to driving with a DUI suspended license arising out of the 1547 refusal suspension. However, that also assumes retroactivity of Birchfield to the Licensee, for which we find no authority or evidence to support. It also ignores the fact that the suspension for the 1543(b) is based on a summary conviction that is of record and has not been appealed. Licensee has not challenged that conviction. This Court is without authority to do anything regarding the 1543(b) conviction leading to that notice of suspension, as the conviction still exists of record.

Finally, we find Birchfield has no application to the Licensee's appeal of his license suspensions. The Birchfield case specifically held that criminal repercussions under an implied consent law for blood tests without a warrant in DUI cases was unconstitutional. The U.S. Supreme Court specifically found no problem with civil penalties imposed on motorists who fail to comply, citing prior case law of that Court. (See Birchfield opinion p. 36). Civil penalties imposed under implied consent laws remain valid. Birchfield did not invalidate Pennsylvania's implied consent laws [sic] as it pertains to civil penalties, which include a license suspension, for a chemical test refusal. Therefore, even if timely filed, Licensee's appeal must be dismissed.

Tr. Ct., Slip. Op., 10/25/16, at 3-4 (emphasis added). Having rejected Licensee's arguments, the trial court denied and dismissed his statutory appeal. Licensee, now represented by counsel, timely appealed to this Court.

6

## II. Discussion

### A. Argument

Appellate review of a trial court's decision to disallow an appeal *nunc pro tunc* is limited to determining whether the trial court committed an error of law or abused its discretion. Baum v. Dep't of Transp., Bureau of Driver Licensing, 949 A.2d 345 (Pa. Cmwlth. 2008). Licensee contends that the trial court erred in failing to allow an appeal *nunc pro tunc* based on a later recognized constitutional right. To that end, Licensee asserts the trial court erred in determining that Birchfield should not be applied retroactively.

Licensee acknowledges that a license suspension appeal filed more than 30 days beyond the mailing date of DOT's notice of suspension is untimely and deprives the common pleas court of jurisdiction. Dep't of Transp., Bureau of Driver Licensing v. Madessi, 588 A.2d 580 (Pa. Cmwlth. 1991). Further, Licensee recognizes that generally, an appeal *nunc pro tunc* in civil cases is permitted only where the late appeal was caused by fraud, a breakdown in the court's operations or other extraordinary circumstances. Commonwealth v. Stock, 679 A.2d 760 (Pa. 1996). The Pennsylvania Supreme Court addressed the issue of extraordinary circumstances on several occasions. See, e.g., Cook v. Unemployment Comp. Bd. of Review, 401 A.2d 1133 (Pa. 1979) (appeal *nunc pro tunc* allowed where appellant's hospitalization caused a non-negligent late filing of appeal); Bass v. Commonwealth, 401 A.2d 1133 (Pa. 1979) (appeal *nunc pro tunc* allowed where attorney established a non-negligent reason for failure to timely file and a minimal delay in filing).

Licensee asserts that under the Post Conviction Relief Act (PCRA),[2] a petitioner may seek review beyond the one-year limitation period from the date the judgment becomes final if he can establish "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."  42 Pa. C.S. §9545(b)(iii) (emphasis added).  A petitioner bears the burden of proving that one of these exceptions is applicable.  Commonwealth v. Abu-Jamal, 941 A.2d 1263 (Pa. 2008), cert. denied, 555 U.S. 916 (2008).

Here, Licensee argues Birchfield falls within the exception in 42 Pa. C.S. §9545(b)(iii).  Licensee asserts the sole basis for the arresting officer's determination of refusal was his request that the arresting officer produce a warrant for a blood test.  In Birchfield, the U.S. Supreme Court held that an individual's Fourth Amendment rights are implicated when he is subject to criminal penalties for refusing to submit to a warrantless request following a DUI arrest.

Nonetheless, Licensee concedes that requests to submit to blood and breath tests under Pennsylvania's Implied Consent Law, 75 Pa. C.S. §1547, are civil proceedings.  Dep't of Transp., Bureau of Traffic Safety v. O'Connell, 555 A.2d 873 (Pa. 1989); Witmer v. Dep't of Transp., Bureau of Driver Licensing, 880 A.2d 716 (Pa. Cmwlth. 2005).  However, Licensee continues, the DL-26 in the present case provided for criminal penalties for a refusal to submit to chemical testing.  In particular, the DL-26 in the present case provided in part:

---

[2] 42 Pa. C.S. §§9541-9546.

8

3. If you refuse to submit to the [blood] test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of [DUI], you will be suspended for up to 18 months. In addition, if you refuse to submit to the chemical test, and you are convicted of violating Section 3802(a)(1) (relating to impaired driving) of the Vehicle Code, then because of your refusal, you will be subject to more severe penalties set forth in Section 3804(c) (relating to penalties) of the Vehicle Code. **These are the same penalties that would be imposed if you were convicted of driving with the highest rate of alcohol, which include a minimum of 72 consecutive hours in jail** and a minimum fine of $1,000, up to a maximum of five years in jail and a maximum fine of $10,000.

Resp't's Ex. 1; S.R.R. at 5b.

Although Licensee acknowledges the suspension of his driving privilege is a civil sanction, he nonetheless asserts the imposition of criminal sanctions in response to constitutionally protected conduct demands relief under the holding in Birchfield. Further, Licensee maintains he preserved the Birchfield issue by raising it before the trial court. Licensee contends a new decisional rule should be applied retroactively to cases where it was properly preserved at all stages of the proceedings. Commonwealth v. Cabeza, 469 A.2d 146 (Pa. 1983). Because Licensee was serving his suspension at the time the Supreme Court decided Birchfield, he argued the case at the October 2016 hearing.

Therefore, Licensee asserts, these circumstances warrant the allowance of an appeal *nunc pro tunc*. He argues that the heightened criminal consequences for his refusal to submit to a chemical test of blood is sufficient for

9

its treatment as a criminal matter or quasi-criminal matter. As such, Licensee requests that we vacate the trial court's order and remand for a determination of whether his conduct constituted a refusal under Birchfield.

## B. Analysis

Pursuant to Section 5571(b) and 5572 of the Judicial Code, a licensee has 30 days from the mailing date of DOT's notice of suspension to file an appeal with the trial court. 42 Pa. C.S. §§5571(b), 5572; Williamson v. Dep't of Transp., Bureau of Driver Licensing, 129 A.3d 597 (Pa. Cmwlth. 2015). Appeals filed after the expiration of the 30-day appeal period are untimely and deprive the trial court of subject matter jurisdiction. Williamson.

Here, DOT mailed the First Suspension Notice on June 2, 2015. Thereafter, DOT mailed the Second Suspension Notice on April 21, 2016. Both notices advised Licensee of the 30-day appeal periods. Licensee does not dispute receiving either of these suspension notices.

Nevertheless, Licensee did not file his appeal until August 2, 2016, approximately 70 days after the appeal deadline for the Second Suspension Notice, and more than a year after the appeal deadline for the First Suspension Notice.

Licensee contends the U.S. Supreme Court's decision in Birchfield, handed down June 23, 2016, provided a sufficient basis for an appeal *nunc pro tunc*. He asserts Birchfield declares unconstitutional the law under which DOT suspended him for refusing a chemical blood test. However, Birchfield did not

10

become law until after the appeal periods from Licensee's two suspensions expired. Therefore, Licensee argues he should be entitled to an appeal *nunc pro tunc* under these circumstances.

Traditionally, a court may allow a licensee to appeal *nunc pro tunc* only where the licensee's failure to timely appeal results from extraordinary circumstances involving fraud or a breakdown in the administrative or judicial process. Williamson. The licensee has the burden of demonstrating such circumstances exist. Id.

As discussed above, generally, an appeal *nunc pro tunc* in civil cases is allowed only where the late appeal was caused by fraud, a breakdown in the court's operations or other extraordinary circumstances. Stock. In Bass, the Supreme Court extended the traditional grounds for an appeal *nunc pro tunc* to include situations where the untimely filing resulted from non-negligent circumstances involving the appellant's attorney and staff. In Cook, the Supreme Court extended the Bass rationale to non-negligent circumstances involving the appellant.

Licensee, citing the PCRA, seeks to expand the scope of appeals *nunc pro tunc* to include cases where the constitutional right asserted is not recognized until a later decision by the U.S. Supreme Court or Pennsylvania Supreme Court. More specifically, Licensee argues he should be permitted to assert a constitutional right recently recognized by the U.S. Supreme Court and held by that Court to apply retroactively. See 42 Pa. C.S. §9545(b)(iii). Licensee asserts Birchfield,

11

falls within 42 Pa. C.S. §9545(b)(iii).  At the time of his DUI arrest in May 2015, Licensee requested that Trooper Miller produce a search warrant.  However, it was not until the Birchfield decision in June 2016 that the U.S. Supreme Court held that a state cannot criminally penalize an individual for refusing to submit to a warrantless blood test incident to a DUI arrest.  In the instant case, Licensee maintains he was subject to higher criminal DUI penalties based on his refusal to submit to a warrantless request for a blood test.  Because such conduct is now constitutionally protected under Birchfield, Licensee argues his situation must be considered an extraordinary circumstance justifying an appeal *nunc pro tunc*.

Licensee's contention fails for several reasons.  First and foremost, Licensee acknowledges that his license suspensions, unlike the DUI proceeding, are civil, not criminal, sanctions.  See O'Connell; Bashore v. Dep't of Transp., Bureau of Driver Licensing, 27 A.3d 272 (Pa. Cmwlth. 2011) (a licensee suspension stemming from a refusal to submit to chemical testing is an administrative proceeding separate from the criminal DUI proceeding).

Second, regardless of his DUI-general impairment conviction under 75 Pa. C.S. 3802(a)(1), which is not at issue in this appeal, Licensee does not meet the eligibility requirements in Section 9543(a)(1)(i) of PCRA, which provides:

> **(a) General Rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted;

> (i) currently serving a sentence of imprisonment, probation or parole for the crime ….

42 Pa. C.S. §9543(a)(1)(i) (emphasis added). Because Licensee presented no evidence that he was either incarcerated or serving a sentence of probation or parole for the DUI at the time he filed his untimely appeal of the suspensions on August 2, 2016, he is not entitled to seek relief under PCRA. Commonwealth v. Descardes, 136 A.3d 493 (Pa. 2016); see also Commonwealth v. Ahlborn, 699 A.2d 718 (Pa. 1997) (appellant released after serving a prison term for three counts of DUI ineligible under Section 9543(a)(1)(i) of PCRA despite ongoing driver's license suspension). Similarly, in Commonwealth v. Comly, 779 A.2d 618 (Pa. Cmwlth. 2001), this Court rejected an argument that a three-year hunting license suspension imposed following conviction for violating 2307(a) of the Game and Wildlife Code, 34 Pa. C.S. §2307(a) (unlawful taking or possession of game or wildlife) constituted the equivalent of a criminal penalty for eligibility under Section 9543(a)(1)(i) of PCRA. Consequently, Licensee's reliance on the PCRA, which does not apply to civil license suspensions, is misplaced. Descardes; Ahlborn; Comly.

In addition to rejecting Licensee's PCRA claims, we also dismiss as meritless Licensee's contention that he preserved the Birchfield "Fourth Amendment" issue at all stages of the adjudication. Licensee asserts that at the time of his arrest, he asked Trooper Miller to produce a warrant for the blood test. Pet'r's Br. at 15. Although Trooper Miller recorded Licensee's conduct as a refusal, Licensee did not timely appeal from the First Suspension Notice. Therefore, unlike the licensees in Birchfield, Licensee failed to file a timely appeal from DOT's suspensions raising the constitutional issues raised in Birchfield. As

noted above, appeals filed after the expiration of the 30-day appeal period are untimely and deprive the trial court of subject matter jurisdiction. Pa. Dental Ass'n v. Pa. Ins. Dep't, 516 A.2d 647 (Pa. 1986); Williamson.

Further, to be entitled to an appeal *nunc pro tunc*, an appellant "must proceed with reasonable diligence once he knows of the necessity to take action." Ercolani v. Commonwealth, 922 A.2d 1034, 1037 (Pa. Cmwlth. 2007). The U.S. Supreme Court handed down Birchfield on June 23, 2016. Licensee did not appeal his suspensions until August 2, 2016, approximately 40 days after Birchfield, which exceeds the mandatory 30-day appeal period in 42 Pa. C.S. §§5571, 5572.

Moreover, Licensee failed to allege any extraordinary circumstances involving either fraud or breakdown in the administrative proceedings, or other non-negligent reasons for filing his untimely appeals. Cook; Bass; Stock. Rather, Licensee argued that the Birchfield ruling alone provided a sufficient basis for an appeal *nunc pro tunc*.

We disagree for two reasons. First, Licensee failed to timely appeal either suspension notice. Consequently, the trial court never had subject matter jurisdiction over Licensee's appeal. As such, Licensee had no case *pending on appeal* at the time the U.S. Supreme Court filed Birchfield. As we noted in Williamson, Pennsylvania courts apply the law in effect at the time of the appellate decision. Blackwell v. State Ethics Comm'n, 589 A.2d 1094 (Pa. 1991). "This principle applies with equal force to both civil and criminal cases." Id. at 1099. This means we observe the principle that a party whose case is pending on direct

appeal is entitled to the changes in the law which occur before final judgment. Id. Here, however, in light of Licensee's failure to timely appeal, Licensee had no appeal pending. Therefore, Birchfield is inapplicable here.

Second, Birchfield, by its own language, does not apply to civil suspensions under Pennsylvania's Implied Consent Law. Recently, in Boseman v. Department of Transportation, Bureau of Driver Licensing, 157 A.3d 10 (Pa. Cmwlth. 2017), we addressed and rejected the same argument Licensee advances here. In Boseman, we noted that Birchfield addressed the constitutionality of a state statute that made it a *crime* to refuse a warrantless blood test after being arrested for DUI. We concluded that although Birchfield may have some impact in criminal DUI proceedings in Pennsylvania where enhanced penalties based on refusal of a blood test are imposed, such is not the case in a civil license suspension appeal under the Implied Consent Law. Consequently, we determined that the licensee's Fourth Amendment challenge to the Implied Consent Law failed.

Similarly here, Licensee is seeking to appeal his civil license suspension imposed under the Implied Consent Law based on his refusal to submit to chemical testing. As discussed above, a license suspension stemming from a refusal to submit to chemical testing is a separate administrative proceeding from a criminal DUI proceeding arising out of the same incident. Bashore. It is not a crime to refuse chemical testing under Pennsylvania's Implied Consent Law.

As in Boseman, the DL-26 form here did not advise Licensee that it is a crime to refuse to submit to chemical testing. By its own language, Birchfield

15

does not apply to implied consent laws that merely impose civil penalties. To that end, the Court stated: "Petitioners do not question the constitutionality of those laws, and nothing we say here should be read to cast doubt on them." Birchfield, ___ U.S. at ___, 136 S.Ct. at 2185 (emphasis added). In short, because the Implied Consent Law does not impose criminal penalties based on a refusal of a blood test, Birchfield is inapplicable.

## III. Conclusion

For the above reasons, we discern no error or abuse of discretion in the trial court's order denying Licensee's statutory appeal of his civil license suspensions as untimely. Accordingly, we affirm.

Further, we grant DOT's request to reinstate the 18-month suspension of Licensee's operating privilege under 75 Pa. C.S. §1547(b)(1)(ii), and the one-year suspension of Licensee's operating privilege imposed under 75 Pa. C.S. §1543, within a reasonable time.[3]

ROBERT SIMPSON, Judge

---

[3] On August 3, 2016, the trial court entered an order granting Licensee a supersedeas "pending disposition." See Certified Record, Item #10; Tr. Ct. Order, 8/3/16.

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Fetherman, : 
                  Appellant : 
: No. 1943 C.D. 2016
           v. :
:
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing :

## O R D E R

**AND NOW**, this 3rd day of August, 2017, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of Monroe County is **AFFIRMED**. Further, the Department of Transportation, Bureau of Driver Licensing, is hereby directed to **REINSTATE** the 18-month suspension of Daniel Fetherman's operating privilege under 75 Pa. C.S. §1547(b)(1)(ii), and the one-year suspension of Fetherman's operating privilege imposed under 75 Pa. C.S. §1543, within a reasonable time.

 

                                _____
                                ROBERT SIMPSON, Judge