IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juan C. Morales                              :
                                             :
              v.                             :    No. 1315 C.D. 2021
                                             :    Submitted: September 9, 2022
Commonwealth of Pennsylvania,                :
Department of Transportation,                :
Bureau of Driver Licensing,                  :
                         Appellant           :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                        FILED: January 26, 2023

         The Pennsylvania Department of Transportation, Bureau of Driver
Licensing (PennDOT), has filed an appeal from the order entered in the Court of
Common Pleas of Lehigh County (trial court) on October 25, 2021, sustaining the
*pro se nunc pro tunc* appeal of Juan C. Morales. Also before this Court is
PennDOT's application for remand. After careful consideration, we vacate the trial
court's order, grant PennDOT's application, and remand for an evidentiary hearing
to determine whether Morales can establish extraordinary circumstances warranting
the grant of an appeal *nunc pro tunc*.

## I. BACKGROUND

         On February 28, 2021, Pennsylvania State Trooper Richard
Pietrulewicz was dispatched to the scene of a one-vehicle crash, where he found
Morales' vehicle overturned on an embankment and Morales himself laying on the
ground in the snow and mud. Notes of Testimony (N.T.) Hr'g, 9/20/21, at 5. Tpr.

Pietrulewicz smelled alcohol on Morales, and Morales admitted to consuming "a shot or two." *See id.* at 5-6. Due to Morales' potential injuries, Tpr. Pietrulewicz did not conduct a field sobriety test but observed that Morales was sluggish and had slurred speech. *See id.* at 5-7. Tpr. Pietrulewicz informed Morales he was being arrested, and subsequently, Morales was transported by ambulance to a local hospital. *See id.* at 7. Pennsylvania State Trooper Edward Prentice explained the implied consent warnings to Morales but, despite being warned that he would lose his license due to a refusal, Morales did not sign the consent forms. N.T. Hr'g, 10/25/21, at 3-10.

By official notice with a mail date of March 12, 2021, PennDOT informed Morales that his operating privilege would be suspended for one year, effective April 16, 2021, as a consequence of his violation of 75 Pa. C.S. § 1547 (relating to chemical testing to determine amount of alcohol or controlled substance). *See* Notice, 3/12/21, at 1. PennDOT further notified Morales of his right to appeal the action to the court of common pleas within 30 days of the mail date. *See id.* On April 28, 2021, Morales sought leave to file a statutory appeal *nunc pro tunc*. *See* Mot. for Leave to Appeal *Nunc Pro Tunc*, 4/28/21, at 1-2. He averred that he was unable to timely file an appeal from the suspension due to physical limitations as a result of his accident. *Id.* The trial court did not expressly grant Morales' motion, but nevertheless scheduled evidentiary hearings and proceeded to consider the merits of the appeal.

On September 20, 2021, and October 25, 2021, the trial court held evidentiary hearings. At the hearings, PennDOT presented the testimony of Tprs. Pietrulewicz and Prentice. Morales testified on his own behalf, claiming that had he not been suffering from the pain and trauma of the accident, he would not have

refused the tests. N.T. Hr'g, 10/25/21, at 19. At the conclusion of oral argument, the trial court stated that it found both the troopers and Morales credible but would give Morales the benefit of the doubt and sustain his appeal. *See id.* at 25.

PennDOT timely filed a notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive Pa.R.A.P. 1925(a) opinion, requesting that this Court remand the matter for an evidentiary hearing to determine whether Morales had made a showing of "extraordinary circumstances" warranting the grant of the appeal *nunc pro tunc*. *See* Trial Ct. Op., 1/21/22, at 1 n.1.[1]

## II. ISSUE

On appeal, PennDOT contends that the trial court erred as a matter of law and abused its discretion by permitting Morales to proceed *nunc pro tunc* in an untimely filed statutory appeal. *See* PennDOT's Br. at 4. Additionally, PennDOT claims that Morales failed to satisfy his burden of proof that he was incapable of making a knowing and conscious decision to refuse chemical testing of his blood. *See id.* Finally, PennDOT argues that Morales failed to exclude his admitted consumption of alcohol prior to the vehicle crash as a cause or contributor to his purported inability to make a knowing and conscious decision to refuse chemical testing of his blood. *See id.*

---

[1] On January 25, 2022, PennDOT filed an application for remand based upon the same reasoning. On March 3, 2022, this Court ordered that the Motion would be listed with the merits of the appeal.

3

## III. ANALYSIS[2]

Prior to addressing the substantive issues on appeal, we address PennDOT's application for remand. Section 1550 of the Vehicle Code governs judicial review and expressly provides that any person whose operating privilege has been suspended may appeal to the court vested with jurisdiction of such appeals, in this case, the court of common pleas. 75 Pa. C.S. § 1550(a). An appeal must be filed within thirty days from the mailing of the suspension notice. 42 Pa. C.S. §§ 5571(b), 5572; *see Kulick v. Dep't of Transp., Bureau of Driver Licensing*, 666 A.2d 1148, 1149-50 (Pa. Cmwlth. 1995).

Additionally, if a licensee fails to appeal from a suspension within that 30-day appeal period, the trial court lacks jurisdiction to hear the appeal unless there are grounds for granting it *nunc pro tunc*. *Kulick*, 666 A.3d at 1150. Such an appeal is only appropriate where "the licensee's failure to file a timely appeal resulted from extraordinary circumstances involving fraud or a breakdown in the administrative or judicial process." *Id*. It is the licensee's burden to prove that such circumstances existed. *Id*.

Instantly, during the evidentiary hearings, the trial court did not take any evidence or make any determinations regarding Morales' failure to timely file his appeal. *See generally* N.T. Hr'g, 9/20/21; N.T. Hr'g, 10/25/21; *see also* Trial Ct. Op. at 1 n.1. Accordingly, the trial court lacked jurisdiction to hear the appeal, and we grant the application for remand. *See Kulick*, 666 A.3d at 1150.

---

[2] "When a trial court permits the filing of an untimely appeal, our review is limited to determining whether the trial court abused its discretion or committed an error of law." *Hudson v. Dep't of Transp., Bureau of Driver Licensing*, 830 A.2d 594, 598 n.6 (Pa. Cmwlth. 2003).

4

## IV. CONCLUSION

Accordingly, we vacate the trial court's order sustaining Morales' appeal and remand for further proceedings consistent with this memorandum opinion.[3]


_____
LORI A. DUMAS, Judge

---

[3] Based upon this disposition, we need not address PennDOT's remaining issues.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juan C. Morales                           :
                                          :
            v.                            :    No. 1315 C.D. 2021
                                          :
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing,               :
                         Appellant        :

# **O R D E R**


AND NOW, this 26th day of January, 2023, the order entered in the Lehigh County Court of Common Pleas on October 25, 2021, is VACATED. The Department of Transportation, Bureau of Driver Licensing's application for remand is GRANTED, and the matter is REMANDED for further proceedings consistent with this opinion. Jurisdiction relinquished.


_____
LORI A. DUMAS, Judge