IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cara Vitale,                          :

            Appellant           :

                         :

        v.                     :

                         :

Commonwealth of Pennsylvania,    :
Department of Transportation,     :   No. 894 C.D. 2019
Bureau of Driver Licensing       :   Submitted: November 6, 2025

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED: December 15, 2025

      Cara Vitale (Licensee) appeals from the April 24, 2019 order of the Court of Common Pleas of Philadelphia County (Trial Court) that denied Licensee's statutory appeal (Appeal) from a 12-month driver's license suspension imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), pursuant to what is commonly known as the Vehicle Code's[1] Implied Consent Law, 75 Pa.C.S. § 1547(b), as a result of Licensee's refusal to submit to chemical testing upon her arrest for driving under the influence of alcohol or a controlled substance (DUI).[2] Upon review, we affirm.

## I. Background and Procedural Posture

      The Philadelphia Police arrested Licensee for suspicion of DUI on the morning of January 30, 2018. *See* Notes of Testimony, April 24, 2019 (N.T. 4/24/2019), Reproduced Record (R.R.) at 8a-16a. Thereafter, on February 16, 2018, DOT notified

---

[1] 75 Pa.C.S. §§ 101-9805.

[2] 75 Pa.C.S. § 3802.

Licensee that her driving privilege would be suspended for a period of 12 months as a result of her refusal to submit to chemical testing. *See* License Suspension Notification mailed February 16, 2018, Original Record (O.R.) at 33-36.[3] Licensee appealed the suspension to the Trial Court. *See* Notice of Appeal from License Suspension, O.R. at 8-15. The Trial Court conducted a hearing on April 24, 2019, and denied the Appeal by order that same day. *See* N.T. 4/24/2019 at 32, R.R. at 15a; Trial Court Order dated April 24, 2019 (Trial Court Order), O.R. at 31; *see also* Trial Court Opinion filed December 10, 2019 (Trial Court Opinion) at 1, O.R. at 57.

On June 6, 2019, Licensee filed a Notice of Appeal *Nunc Pro Tunc* to this Court seeking to proceed with the Appeal *nunc pro tunc*. *See* Notice of Appeal *Nunc Pro Tunc* filed June 6, 2019 (NPT Appeal Notice), O.R. at 43-49. On August 6, 2019, this Court remitted the matter to the Trial Court to conduct a hearing (NPT Hearing) on Licensee's *nunc pro tunc* request (NPT Request). *See* Commonwealth Court Order dated August 6, 2019 (Remittal Order).[4] The Trial Court scheduled the NPT Hearing for September 11, 2019. *See* Trial Court Rule to Show Cause filed August 20, 2019, O.R. at 54. Because Licensee did not appear in the Trial Court on September 11, 2019, the Trial Court continued and rescheduled the NPT Hearing to November 20, 2019, with express direction for Licensee to attend the rescheduled NPT Hearing. *See* Trial Court Order dated September 11, 2019, O.R. at 55. Licensee did not appear for the rescheduled NPT Hearing on November 20, 2019. *See* Trial Court Order dated November 20, 2019 (NPT Denial Order), O.R. at 56; *see also* Notes of Testimony, November 20, 2019 (N.T. 11/20/2019) at 3-9, Supplemental Reproduced Record (S.R.R.) at 2b-4b. The Trial Court

---

[3] The Court employs the sequential electronic pagination from the Original Record in citations to the Original Record herein.

[4] The Court entered an amended Order on August 13, 2019, that correctly identified the Trial Court judge to receive a copy of the Remittal Order. *See* Commonwealth Court Order dated August 13, 2019.

denied the NPT Request in the NPT Denial Order dated November 20, 2019,[5] which explained that Licensee failed to sustain her burden to prove entitlement to *nunc pro tunc* relief. *See* NPT Denial Order, O.R. at 56; *see also* Trial Court Opinion at 3, O.R. at 59.

Thereafter, this Court received the Trial Court's opinion regarding its determination on the NPT Request. *See* Trial Court Opinion, O.R. at 57-59. Therein, the Trial Court explained the denial of the NPT Request thusly: "On November 20, 2019, Counsel for [Licensee] appeared, but [Licensee] did not. This case was listed as must be tried on November 20, 2019. Without [Licensee's] testimony, Counsel for [Licensee] was unable to meet their burden of proof." Trial Court Opinion at 3, O.R. at 59. This Court then expressly directed the parties to address the timeliness of the Appeal in their briefs. *See* Commonwealth Court Order dated January 6, 2020 (January 2020 Order).[6, 7]

---

[5] The Trial Court announced its decision to deny the NPT Motion on the record at the NPT Hearing, which decision the Trial Court followed with the written NPT Denial Order. *See* N.T. 11/20/2019 at 9, S.R.R. at 4b; NPT Denial Order, O.R. at 56.

[6] The January 2020 Order stated as follows:

> NOW, January 6, 2020, upon consideration of the opinion filed by the Honorable Lyris F. Younge (Judge Younge) of the [Trial Court] in response to this Court's August 6, 2019 Order directing the [T]rial [C]ourt to conduct a hearing for the purpose of determining whether [Licensee] should be allowed to file a notice of appeal *nunc pro tunc*, and it further appearing that Judge Younge scheduled a hearing at which [Licensee] failed to appear and then rescheduled the hearing for a later date and [Licensee] again failed to appear, Judge Younge determined that [Licensee] failed to sustain [her] burden of proving that [s]he should be allowed to appeal *nunc pro tunc* due to the fact that [s]he did not provide any testimony. *See* Pa.R.A.P. 105(b); 108. Accordingly, *it appearing that [the A]ppeal may be untimely, the parties shall address whether the [A]ppeal is untimely in their principal briefs on the merits or other appropriate motion*. *See* Pa.R.A.P. 903(a).

January 2020 Order (emphasis provided).

[7] Following the Court's receipt of the Trial Court Opinion and the filing of the January 2020 Order, the transcripts of testimony from the April 24, 2019 hearing and the NPT Hearing were not

3

## II. Issues

Licensee makes one claim regarding the merits of this appeal before this Court: that the arresting officer lacked reasonable grounds to believe that Licensee was operating a motor vehicle under the influence of marijuana required to request Licensee to submit to chemical testing. *See* Licensee's Br. at 4 & 6-8. License argues that her driving did not warrant a motor vehicle stop and that the arresting officer lacked sufficient drug recognition experience to request chemical testing thereafter. *See id.* at 7-8. Licensee makes no argument whatsoever regarding the timeliness of the appeal or the denial of the NPT Motion. *See id.* at 6-8.

## III. Discussion[8]

We begin by discussing the timeliness of Licensee's appeal, as it is dispositive. Generally, "an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa.C.S. § 5571(b). "It is well established that failure to timely appeal . . . is a jurisdictional defect; consequently, the time for taking an appeal cannot be extended as a matter of grace or mere indulgence." *H.D. v. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000) (citations omitted).

As this Court has explained:

---

received in this Court until over four and one half years later, on July 18, 2024. Upon receipt of the transcripts, this Court issued a briefing schedule for the matter on July 22, 2024. *See* Commonwealth Court Letter dated July 22, 2024. We note that the record of this matter includes no explanation for the four-and-one-half-year delay between the issuance of the January 2020 Order and the receipt of the hearing transcripts.

[8] "Our [] review of a trial court's order granting or denying a party leave to file an appeal *nunc pro tunc* is limited to determining whether the court abused its discretion or committed an error of law." *Morgan v. Dep't of Transp., Bureau of Motor Vehicles*, 702 A.2d 1, 2 (Pa. Cmwlth. 1997) (citing *Kulick v. Dep't of Transp., Bureau of Driver Licensing,* 666 A.2d 1148 (Pa. Cmwlth. 1995)).

> If a licensee fails to appeal from a license suspension within the statutorily mandated thirty-day appeal period, the trial court is without jurisdiction to hear the appeal unless there are grounds for granting an appeal *nunc pro tunc*. A court may permit a licensee to appeal *nunc pro tunc* only where the licensee's failure to file a timely appeal resulted from extraordinary circumstances involving fraud or a breakdown in the administrative or judicial process. The licensee has the burden of proving that such circumstances exist.

*Kulick v. Dep't of Transp., Bureau of Driver Licensing*, 666 A.2d 1148, 1150 (Pa. Cmwlth. 1995) (internal citations omitted).

Here, the Trial Court denied Licensee's appeal of her license suspension on April 24, 2019. Licensee did not file the NPT Appeal Notice until 43 days later, on June 6, 2019. The NPT Appeal Notice – although titled "Notice of Appeal *Nunc Pro Tunc*" – did not make any averments or offer any reasons for the untimeliness of the Appeal. Licensee did not appear at the NPT Hearing to offer evidence to satisfy her burden of proving either fraud or a breakdown in the administrative or judicial process regarding the late filing of the NPT Appeal Notice. Additionally, despite this Court's January 2020 Order, Licensee's brief makes no mention, much less argument, about the timeliness of the Appeal. In short, Licensee has offered no explanation for the late filing of her Appeal and the record reveals none. Accordingly, we discern no error in the Trial Court's determination that Licensee failed to meet her burden as to the merits of the NPT Request or the Trial Court's denial thereof.[9]

### IV. Conclusion

For the above reasons, because we find no error in the Trial Court's denial

---

[9] Our finding that the Trial Court did not err by denying Licensee's NPT Request confirms the Trial Court's finding that the Appeal was untimely filed. Accordingly, we need not address the underlying merits of the Appeal argued in Licensee's brief.

of the NPT Request, we affirm the Trial Court Order that denied the Appeal.

_____

CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cara Vitale,                                    :
                          Appellant             :
                                                :
              v.                                :
                                                :
Commonwealth of Pennsylvania,                   :
Department of Transportation,                   :    No. 894 C.D. 2019
Bureau of Driver Licensing                      :

# **O R D E R**

AND NOW, this 15th day of December, 2025, the April 24, 2019 order of the Court of Common Pleas of Philadelphia County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge